* Jewett, J.-
 

 I consider it to be a well-settled I ^ 49b rule of law, at this day, notwithstanding there are some cases to the contrary, that the liability to make compensation for an injury arising from the negligent act of another, attaches only on the person doing the act, or on the person employing him. The liability
 
 *496
 
 of any one other than the party actually guilty of any wrongful act, proceeds on the maxim that he who does an act through the medium of another is in law considered as doing it
 
 himself
 
 — quifacit
 
 per alium facit per se.
 

 The party employing hats the selection of the agent employed: and it is reasonable, that he who has made choice of an unskilful or careless person to execute his orders, should be responsible for any injury resulting from his want of skill or want of care. But neither the principle of the rule, nor the rule itself, can apply to a case where the party sought to be charged does not stand in the character of employer to the party by whose negligent act the injury has been occasioned.
 
 (Quarman
 
 v.
 
 Burnett,
 
 6 Mees. & Wels. 499;
 
 Rapson
 
 v.
 
 Cubitt,
 
 9 Id. 711;
 
 Milligan
 
 v.
 
 Wedge,
 
 12 Ad. & Ellis 737;
 
 Laugher
 
 v.
 
 Pointer,
 
 5 Barn. & Cress. 547, Opinion of Abbott, C. J., and Littledale, J.;
 
 Hobbitt
 
 v.
 
 London & Northwestern Railway Co.,
 
 4 Wels., Hurlst. & Gordon 254;
 
 Blake
 
 v.
 
 Ferris,
 
 5 N. Y. 48.)
 

 It is not necessary, in this case, to decide whether, in any case, the owner of lands or houses may not be * aqv i resPonsiMe I°r nuisances, Occasioned by the J manner in which his property is used by others, not standing in the relation of servant to him. It may be, that in some cases, he is so responsible. But then his liability must be founded on the principle, that he has not taken due care to prevent the doing of acts which it was his duty to prevent, whether done by his servants or others. If, for instance, a person occupying a house or a piece of land, should permit another to carry on there a noxious trade, so as to be a nuisance to his neighbors, it may be, that he would be responsible, though the acts complained of were neither his acts nor the acts of his servants. He would have violated the rule of law, which requires every one to enjoy his own property in such a manner as not to injure that of another person.
 

 
 *497
 
 It may well be, that the case alleged and proved by Mr. Tripp, authorized a recovery against the City of Buffalo, upon the ground, that the act which occasioned his injury was the negligent act of the agent or servant of that city, in executing the contract made with it, for the construction of the sewer; or upon the ground, that the city of Buffalo improperly omitted to erect, maintain and keep up the necessary lights, guards and barriers about and in the vicinity of the pit or hole excavated in Elk street, during the progress of the work.
 

 The City of Buffalo was bound to exercise its right in constructing the sewer, in a careful and prudent manner, so as to avoid injury resulting to others from it, and if it were prudent and necessary to erect, maintain and keep lights, guards and barriers about and in the vicinity of the place excavated, during the progress of the work, in order to protect and prevent persons lawfully travelling and passing along the street, from unavoidably falling into the pit or hole and thereby sustaining injury, it was its duty to do so, and, consequently, it is liable for injuries occasioned by the want of such proper precautionary measures. As between the City of Buffalo and the defendant, the obligation of the latter extended no further than to perform his part of the contract made for the construction of the sewer, according to its terms, with' reasonable skill, and, consequently, he is only liable to the city to compensate it for such injuries as it sustained *for want of the exercise of such skill in the performance *- of his contract in that manner.
 

 The complaint states that, for the purpose of constructing the sewer, the defendant excavated the earth in or near the middle of Elk street, near the east end of the bridge on the Canal slip, in such manner as to make a deep pit or hole near the east end of the bridge, about twelve feet in length along the middle of the street, of the width of about four feet, and of the depth of about
 
 *498
 
 fifteen feet; and that it then became and was the duty of the defendant, while the pit or hole remained open, in the use of due care, to have erected and maintained lights, guards and barriers about and in the vicinity of the pit or hole, to prevent and protect persons lawfully travelling and passing in, along and upon Elk street, from and against unavoidably falling therein; that while the pit or hole was open, the defendant wrongfully, carelessly, negligently and improperly left it unguarded, and while so left, &c., Mr. Tripp, while lawfully passing along and upon Elk street, unavoidably fell into it, by means whereof, he was greatly hurt, &c., and afterwards sued the City of Buffalo for such injuries, and recovered against it a certain sum, &e., therefor, which the said city had paid, &c.
 

 It will be observed, that it is not stated or alleged in the complaint, that it was not necessary for the defendant, in order to construct the sewer, in pursuance of the terms of his contract, to excavate the pit or hole in every respect as it was done, or that there was any lack of skill manifested in executing the contract in that respect. The complaint, instead of stating facts and circumstances to show that it was the duty of the defendant to erect and keep up lights, guards and barriers, while the pit remained open, assumes that such was his duty, and proceeds at once to allege a breach of this duty. The difficulty is, the want of any statement of facts, from which such duty arises; for an allegation of the duty is of no avail, unless, from the rest of the complaint, the facts necessary to raise the duty can be collected. If the excavation to construct the sewer in the street in question was such as to make it necessary and proper to erect lights, guards and barriers in the vicinity, to render the passing of the street safe, *while open, it, unquestionably, was the duty of -■ the City of Buffalo to have caused such precautionary measures to be taken. The city might have
 
 *499
 
 contracted with the defendant to take such measures; in that event, the duty, as between him and the city, would have devolved upon him, and he would have been liable for all the consequences resulting to it, for any neglect on his part in observing his stipulations in that respect; or the city may have judged the measures unnecessary, and, therefore, omitted to provide for them in its contract with the defendant, or if otherwise, the city might have chosen to contract for the doing of that service with some other person. In either case, the defendant would owe no such duty to the city, whatever liability he might have incurred to others, who suffered' by the digging of the pit and leaving it open, without such measures having been taken to guard against the danger which there was in . passing in the street.
 
 (Seymour
 
 v.
 
 Maddox,
 
 16 Q. B. 326; 1 Chitty R. 370, ed. 1812, by Day.)
 

 The complaint should contain a plain and concise statement of the facts constituting a cause of action. (Code, § 142.) In my opinion, the complaint in this case comes short of that. The defendant was at liberty, by § 144 of the code, to demur to it, when it appeared upon its face, that it did not state facts sufficient to constitute a cause of action. The judgment, therefore, should be affirmed.
 

 Judgment affirmed.
 
 [1]
 

 [1]
 

 This case was decided on the ground that it was the duty of the municipal corporation, and not of the contractor, as between themselves, to have guarded the excavation, so as to prevent persons falling into it. Rochester v. Montgomery, 72 N. Y. 69. If the contractor had been the principal wrongdoer, though the corporation might be also liable, there is no doubt of its right to recover over against the
 
 former;
 
 though both tort-feasors, they are not
 
 in pari delicto.
 
 Robbins
 
 v.
 
 Chicago, 4 Wall. 657 ; Lowell
 
 v.
 
 Short, 4 Cush. 275 ; Troy
 
 v.
 
 Troy and Lansingburgh Railroad Co., 49 N. Y. 657 ; s. c. 3 Lans. 270 ; Rochester
 
 v.
 
 Montgomery, 72 N. Y. 65. And see Creed
 
 v.
 
 Hartman, 29 Ibid 591