EDGERTON *vs.* THE NEW YORK AND HARLEM RAIL ROAD COMPANY.

In an action against carriers of passengers, to recover damages for a personal injury, an allegation in the complaint that the occurrence happened and the injuries of the plaintiff were received by the plaintiff, through the negligence and want of care of the defendants, and not through any want of care, or neglect or default on his part, is sufficient to include any negligence; and the adding of other allegations which are mere surplusage will not have the effect of excluding the facts from the consideration of the court or the jury.

A rail road company cannot escape liability for an injury sustained by a passenger in consequence of its negligence, because the passenger was transported in a freight train, and in a car not specially constructed to carry passengers, where it appears that he was so carried with the knowledge and consent of the company; notwithstanding the 40th section of the general rail road law; when there is no proof that there were any printed regulations of the company posted up in the train, and there were no passenger cars attached.

A passenger upon a rail road has a right to leave the train on which he is traveling, at any point between the place of starting and that to which he has paid his fare, and to resume his journey in whatever car or vehicle the company provides. If the company receives him into a car, as a passenger, he is there rightfully.

Edgerton *v.* New York and Harlem R. R. Co.

Where a rail road car in which passengers are riding, is, while moving along — whether at high or low speed — under the control of the company's servants, and without the agency, apparently, of any causes but those within their control, thrown from the track and dashed to pieces, the presumption is that the accident was occasioned by the neglect of the company.

APPEAL from a judgment entered at a special term, on the verdict of a jury, and from a subsequent order denying a motion for a new trial. This was the second trial of the action. On the first trial the plaintiff was nonsuited. The court, on appeal, granted a new trial. See same case, ante, p. 193, where the facts are stated. On the second trial the proof was similar to that given on the first. It appeared that the car in which the plaintiff was a passenger ran off the track, in crossing the Hudson and Berkshire rail road, at Chatham Four Corners, the forward truck running upon one track, and the rear truck upon another, by which the car was broken in two, and the plaintiff was thrown upon the ground and received the injuries complained of. There was no proof of any negligence on the part of the defendants, and it was in proof that the engine, cars and track were in good order. The train was going at the rate of about eight miles an hour at the time of the accident. The defendants gave no explanation of the cause of the accident, and declared their inability to do so.

The plaintiff having rested his case, the defendants moved the court to dismiss the complaint on the following grounds:

*First.* Negligence of the plaintiff in leaving his train, and going upon the freight car. *Second.* That no negligence, on the part of the defendants, was proved. *Third.* That the allegations of the complaint were not sustained. The motion was denied.

The court charged the jury as follows: "To entitle the plaintiff to recover in this action, he must show that he was a passenger upon the defendants' train at the time of the accident. The proof shows that he took passage in New York, for Albany, upon a through ticket. He left the train at Hills-

Edgerton *v.* New York and Harlem R. R. Co.

dale on Saturday, remained over Sunday, and took the freight train on Monday morning. The question is, did the defendant receive the plaintiff as a passenger on Monday morning ? The proof showed that the company received passengers upon their freight trains. It also showed that the conductor took fare from the plaintiff; and although he returned it, yet, I think, under the proof, it cannot be said that he was an intruder and not a passenger. The plaintiff must also show that the injury of which he complains was the result of the defendants' negligence—negligence in providing the proper means of transportation, or negligence in its management and application. The company were bound to use all the care and prudence and foresight of the most careful person. If they fail in this care and skill and prudence, and injury results, they are liable for the damages. The proof shows that at the crossings of the two roads, the trucks upon which the caboose car was placed separated—one of them going upon the one track, and the other upon the other track. That the car was broken in two parts, and the plaintiff injured. The defendants are bound to show and give some explanation of the cause of the accident. The burthen is upon them to show that they exercised the prudence and skill in the preparation of their track and their cars, and in the management of them, demanded by the law. Unless they prove themselves free from negligence, they are liable. It has been urged by the defendants that the plaintiff himself contributed to produce the accident of which he complains. If this is so, certainly he cannot recover in this action. It is said he contributed to the accident because he left the regular passenger train and went upon the freight train. But this circumstance does not bring the plaintiff within the rule of contributing to the accident. He must do some careless and imprudent act himself which aids in bringing about the accident of which he complains, or in exposing himself to its consequences. The mere being in the car did not bring about the accident in this sense, nor did his being there improperly

expose him to its consequences. Because, if the defendants received him into a car as a passenger, he was there rightfully, and according to the terms of the contract by which he was to be carried over the road."

The jury found a verdict in favor of the plaintiff, for $4500.

*C. W. Sandford,* for the appellants.

*G. T. Jenks,* for the respondent.

*By the Court,* EMOTT, J. When this case was before us on a former occasion, we held expressly, upon a similar state of facts to that which is now presented, that the plaintiff should not have been nonsuited. There is nothing in the case as it now comes before us, or in the argument of the defendants' counsel upon it, to require us to reconsider that determination. It is said that the complaint is not framed so as to meet the present theory of the plaintiff's counsel. But it will be found that although the complaint, in the passage cited by the defendants' counsel, states the occurrence with somewhat unnecessary particularity, and imputes negligence in one respect in which perhaps it cannot be sustained, it also contains a general allegation that the occurrence happened, and the injuries of the plaintiff were received by him, through the negligence and want of care of the defendants, and not through any want of care, neglect or default on his part. This is a sufficient allegation to include any negligence, and other allegations which are mere surplusage, will not have the effect of excluding the facts from the consideration of the court or the jury.

We held, on the former appeal, that the defendants could not escape liability because the plaintiff was transported in a freight train, and in a car not specially constructed to carry passengers. We are now cited to the 40th section of the general rail road law (*Laws of* 1850, *ch.* 140,) as fatal to the present recovery. It seems hardly necessary to say to any

Edgerton *v.* New York and Harlem R. R. Co.

one who will read the section quoted, that it can have no application to the present case. That section forbids any recovery by a passenger who is injured while riding in a freight car, in violation of the printed regulations of the company, posted up at the time in a conspicuous place inside of its passenger cars then in the train, provided also that room inside the passenger cars was furnished, sufficient for the proper accommodation of the passengers. Such a provision cannot, obviously, aid the defendants, when there is not only no proof that there were any printed regulations of the company posted up in this train, but there were no passenger cars attached, and no means of transportation but that which the defendants now urge absolves them from all responsibility.

The observations which have now been made, and those which were made at the former argument, dispose of the exceptions to the charge given to the jury that the plaintiff did not contribute to the accident by leaving the passenger train upon which he was at first traveling, and going upon the freight train. The plaintiff had a right, as far as we can see, by the terms of his contract with the defendants, to leave the train on which he was traveling, at any place at which he had occasion to stop, between New York and the place to which he had paid his fare, and to resume his journey in whatever car or vehicle the defendants provided. The proposition stated by the judge at the trial was perfectly correct, that if the defendants received him into this car as a passenger, he was there rightfully.

There is an exception stated to have been taken to a part of the charge, which held the defendants responsible if this accident was caused by any defect in the crossing of the Hudson and Berkshire rail road. I am unable to find any statement in the charge, as given in the bill of exceptions, to which such an exception could distinctly refer. Taking the proposition as contained in the exception itself, however, there is no error in it. If the crossing of another rail road occa-

sioned a defect in the defendants' track, it was their duty to remedy it, or at least to protect their passengers against it.

The judge charged the jury that the defendants were bound to give some explanation of the cause of the accident, remarking, " the burthen is upon them to show that they exercised the prudence and skill in the preparation of their track and their cars, and in the management of them, demanded by law; unless they prove themselves free from negligence, they are liable." This instruction was directly coupled with a statement of the manner of the occurrence, and it was accompanied with clear and emphatic instructions, that the plaintiff must show that the injury of which he complains was the result of the defendants' negligence, and that if he contributed to produce the accident, he could not recover.

The judge did not intend, in the proposition excepted to, to state an abstract proposition merely, nor did he mean to say that the occurrence of an accident, in all cases, was proof, or raised a presumption, of negligence in the carrier. The jury could not have so understood him. What he meant to say, and what he did say, was this, substantially; that the plaintiff in such an action must show that the defendants have been guilty of negligence, and that he had not; that under the circumstances shown in this case, and the manner in which this occurrence took place, the presumption was that it was occasioned by the defendants' neglect.

The car in which the plaintiff was riding was thrown from the track and dashed to pieces, while moving along under the control of the defendants' servants, and without the agency, apparently, of any causes but those within their control. Whether it was moving at high or low speed, it must equally be presumed that there was negligence, somewhere. The road, the vehicle, and the motive power, all were provided by the defendants, and if either was insufficient, or was carelessly or unskillfully used, they are responsible. If the speed was ever so great, it may have thrown the car from the track. If, as the defendants contend, and as the weight of evidence

would seem to show, the train was moving slowly, and yet the car left the track, the presumption is even stronger to my mind that either the track or the car was insufficient. The very same evidence which proves the occurrence and the injury, in itself justifies a strong presumption of negligence, as in the cases of *Curtis* v. *Roch. and Syr. R. R. Co.,* (18 *N. Y. Rep.* 534,) and *Holbrook* v. *Utica and Sch. R. R. Co.,* (2 *Kern.* 236.)

The reasoning of the court in the first cited case fully sustains that portion of the present charge now under consideration, and both the opinions which were delivered contain a sufficient answer to the defendants' argument.

The question of the amount of damages is not open on this appeal.

[KINGS GENERAL TERM, December 9, 1861. *Emott, Brown* and *Scrugham,* Justices.]