ISAAC ROBLEE, Appellant, *v.* THE TOWN OF INDIAN LAKE, Respondent.

*Negligence — horses frightened by a wave rolling over a highway — dismissal of a complaint upon the opening.*

Where a complaint is dismissed upon the pleadings, upon the opening of the counsel for the plaintiff, the facts stated in the complaint and also such further facts as are offered to be proved in the opening are to be considered, unless objection to such facts is made on the specific ground that proof thereof is not admissible under the pleadings.

When a complaint contains a general averment that an injury was received from the negligence of the defendant, it is immaterial whether the proof establishes the particular negligence specified in the complaint if some negligence be shown.

A complaint in an action stated in substance that, while the plaintiff was traveling upon a narrow highway which ran along the edge of a lake, a wave came in from the lake and frightened his horses so that they plunged into a swamp on the opposite side of the road, ran away and threw the plaintiff from his wagon, to his great injury; and, further, that the injuries were incurred by reason of a lack of a proper barrier between the road and the lake, which would prevent the waters from dashing upon the road, and that the commissioners of highways knew the place to be dangerous, and in his opening the plaintiff's

counsel stated that he should prove that the road was too narrow for safety and was dangerous and that other horses had been frightened at the same point.

*Held,* that the complaint should not have been dismissed on the opening;

That, assuming that the road was safe except for the waves and for the want of a further barrier, it could not be said as matter of law that a further barrier was not necessary.

LANDON and HERRICK, JJ., dissented.

APPEAL by the plaintiff, Isaac Roblee, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Warren on the 23d day of June, 1896, upon the dismissal of the complaint directed by the court upon the opening of the counsel for the plaintiff on a trial before the court and a jury at a Trial Term of the Supreme Court held in and for the county of Warren.

*James H. Bain,* for the appellant.

*H. Prior King,* for the respondent.

MERWIN, J.:

The dismissal was upon the pleadings and the opening of the counsel for the plaintiff. In such a case the facts stated in the complaint are to be considered, and also such further facts as in the opening are offered to be proved, unless objection to such proof is made on the specific ground that it is not admissible under the pleadings. (*Clews* v. *N. Y. Nat. Banking Association,* 105 N. Y. 398; *Rector, etc.,* v. *Huntington,* 82 Hun, 125.)

In the complaint it is alleged, in substance, as follows:

On the 9th of July, 1895, the plaintiff was traveling in a two-horse wagon over a highway in the town of Indian Lake, leading from the village of Indian Lake to a small village or hamlet known as Blue Mountain Lake. This highway runs along the east end or side of Blue Mountain lake, and as the plaintiff passed along at a place where the road runs on the immediate border of the lake, and was there only about ten feet wide, his horses were frightened by the waters of the lake dashing up over the highway and they became unmanageable and plunged off the road into a swamp on the opposite side. The plaintiff was thrown from his wagon and received permanent injuries to his great damage. There was no

fault or negligence on plaintiff's part.  The injuries were caused by reason of the defective, insecure and unsafe condition of the highway at that point and by reason of the lack of a proper barrier or guard between the road and the lake which would prevent the waters of the lake from dashing over the road and frightening the horses of passing travelers.  The commissioners of highways of the town at the time of the occurrence of the accident, and for a long time previous thereto, had knowledge that the highway at that point was defective, dangerous, insecure and unsafe, and had knowledge that there was no barrier or guard at that point to properly protect the road from the waters of the lake dashing upon it, and they carelessly and negligently omitted to erect a barrier or guard, or to make the highway reasonably safe and secure at that point. The possession of funds or authority to procure them is alleged.

In the opening of counsel it is stated that for about 200 feet the road runs right on the edge of the lake; that it is a corduroy road, made of logs laid side by side with one log on the lake side lengthwise to act partly as a breakwater; that as plaintiff got on that 200 feet a big wave dashed in from the lake, washed up around his horses and frightened them; that the horse farther away from the lake shied off to one side, into a ditch or swamp about five feet wide between the road and a wire fence, dragging the other horse after him; that the horses commenced plunging and running, and the wagon went into a hole in the logs, stopped suddenly, and threw plaintiff out.

The counsel also stated: " We shall prove to you that the road at that time had no barrier, either on the lake side to keep the water from rushing up over the road when an extra large wave came, and no barrier on the other side to keep horses on the road if they shied off in that way.  We shall prove to you that the road was too narrow for safety; that it was a dangerous road, because it was too low, too near the lake, and that it was dangerous and unsafe for a distance of about two hundred feet at that place.  *  *  *

"We shall prove that the road commissioners of this town of Indian Lake had notice that this was a dangerous place in the road; that they had known it for a long time, and that they had made some plans to have it fixed and repaired and made safe, but up to this time had not succeeded in doing it.

" We shall prove that other horses had been frightened at this place, although no serious accident had occurred, and that it was generally known to be a dangerous place. We shall prove that the road commissioners themselves had horses frightened at that place."

The following occurred between court and counsel: " By the Court: Your complaint here is that the horse was frightened by the wave? Plaintiff's counsel: Our complaint is that the horses were frightened by the waves rushing up over the road, from the lake over the horses' feet, and as there was no barrier between the road and the lake, and no barrier between the road and the swamp on the other side, and as the road was so narrow, when the horse shied it shied off the road. By the Court: May not the road commissioner lay a road on the shore of a lake so the waves may wash over it ? Plaintiff's counsel: Certainly ; but he must make his road so safe that the ordinary passenger can travel along with safety on the road. We claim the road was unsafe. By the Court: The road was safe except for the wave? Plaintiff's counsel: And in the other particulars named ; there was no barrier on the other side."

It has been held that a general averment of negligence was sufficient to admit evidence of particular acts. (*Oldfield* v. *The N. Y. & Harlem R. R. Co.*, 14 N. Y. 310.) In that case it is said (p. 314): " The complaint averred that the death was caused by the negligence and default of the defendants and their agents and servants. This authorized evidence of the defendants' neglect or misconduct tending to produce the injury, without a more particular statement in the pleading." To the same effect is *Edgerton* v. *The N. Y. & Harlem R. R. Co.* (35 Barb. 389 ; affd., 39 N. Y. 227), where (at p. 230) it is said by Judge GROVER: " The complaint contained a general averment that the injury was received from the negligence of the defendant and its employees, and it is, therefore, immaterial whether the proof established the particular negligence specified in the complaint, some negligence being shown."

According to this doctrine, in the present case, it was competent to give evidence showing that the commissioners negligently omitted to make the highway at that point reasonably safe, by reason whereof the accident happened, and that the injury was sustained by reason of a defect existing because of the neglect of the commis-

sioners.   This would bring the case within the statute imposing the liability on the town.

Assuming that the road was safe except for the waves and for the want of a further barrier, it should not be said as matter of law that a further barrier was not necessary.   If the condition was such that the road would not be reasonably safe without such barrier, a duty in regard to it was imposed on the commissioners.

Assuming that the wave was the primary cause, for which the commissioners were not responsible, still if the negligence of the commissioners contributed to the happening of the injury and it would not have happened without the existence of such negligence, then a basis for liability would exist.

It is argued by the defendant that the fault, if any, was attributable to the original plan of construction.   That we cannot here assume.   It does not appear when or how the road was originally constructed or what the condition of the locality was then.

It is also argued that the accident was one not likely to happen, and so the commissioners should not be charged with negligence. Still, it is alleged in the opening that this was a dangerous place; that the commissioners had known it for a long time, and had made plans to have it fixed and repaired and made safe.   If this was so, we cannot assume that the accident was so unexpected or unlikely to happen as to relieve the commissioners.

As the case stands, the dismissal upon the complaint and opening was, I think, erroneous, and a new trial should be granted.

PARKER, P. J., and PUTNAM, J., concurred; LANDON and HERRICK, JJ., dissented.

LANDON, J. (dissenting):

Assuming the complaint sufficient, the nonsuit was proper if the facts proposed to be proved were not sufficient to constitute a cause of action.   Plaintiff's counsel stated the facts as fully as he could. The substance of them was, that for 200 feet the highway consisted of a corduroy road, ten feet wide, along the shore of the lake, but slightly above the surface of its waters, with no barrier upon the lake side against the waves and none on the other side against the swamp, and that it had long been in that condition; that a wave from the lake dashed over the road and frightened plaintiff's

horses; hence the injury.   Other horses had been frightened by the waves.

The other matters stated by plaintiff's counsel, namely, that the road was too low, too narrow, improperly guarded, negligently constructed and maintained, dangerous, too near the lake, etc., were plainly the inferences of counsel from the facts stated.

The obligation of a town to maintain its highways is relative, dependent upon conditions and circumstances, and much less exacting than that of cities and villages.

This court should do as the trial court did — take judicial notice that the town of Indian Lake is in the northerly part of Hamilton county, that is, in the Adirondack wilderness, and should not forget that the law has regard to the fitness of things, and thus should hold that a wilderness road is good enough for a wilderness.

I advise affirmance.

HERRICK, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.