(33 App. Div. 370.)

### QUINN v. TOWN OF SEMPRONIUS.

(Supreme Court, Appellate Division, Fourth Department. July 26, 1898.)

1. HIGHWAYS—DEFECTS—INJURIES—STATEMENT OF CLAIM—SUFFICIENCY.
   Under Laws 1890, c. 568, § 16, providing that every town shall be liable for damages caused by defects in its highways existing because of the neglect of the highway commissioner, and that no action shall be maintained to recover such damages unless a verified statement of the cause of action shall be presented to the town supervisor, the fact that the statement does not contain an averment that the commissioner negligently piled and left a load of poles near the side of the highway, does not prevent such averment being made in the complaint as a ground of negligence.

2. SAME—DEFENSES—WANT OF FUNDS.
   The burden of showing the want of funds and of the means of procuring them as a defense in an action against a town for damages caused by a defective highway is on defendant.

3. SAME—BURDEN OF PROOF.
   A town commissioner's negligence in leaving a bridge without railings, whereby an injury resulted, is not excused by want of funds, where he did not avail himself of the means pointed out by statute to procure funds, and where, though cautioned as to the danger at the bridge, he proceeded to furnish material for the barriers, and placed the road in a more dangerous condition than it was, and failed to complete the work, though the expense would not have exceeded $14.

Appeal from trial term, Cayuga county.

Action by Thomas Quinn against the town of Sempronius. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

The action was commenced on the 14th day of May, 1896, to recover damages for an injury received by the plaintiff on the 27th day of October, 1895, while he was passing over a defective highway and bridge of the defendant. The jury rendered a verdict for the defendant.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Edwin Day and F. E. Hughitt, for appellant.
Hull Greenfield, for respondent.

WARD, J. In the fall of 1893 a highway was laid out in the town of Sempronius, in the county Cayuga, three rods in width, and known as the "New Road." At a place in said road near Sayle's Corners, a

bridge was constructed over a ravine about 150 feet long, of stone, with dirt filling, about 13 feet wide, and the depth from the top of the bridge to the ground below exceeding 6 feet. At the time of the accident to the plaintiff, there was no barrier or railing along the bridge. A few days before the accident, a person employed by the highway commissioner of the town drew three loads of poles and posts for the purpose of constructing barriers along the bridge, one load of which was left at the west end of the bridge, and the two other loads at the east end. There were 8 or 10 of the poles which were of hemlock and ash, and from 16 to 30 feet long. The posts and poles were laid near the beaten track at the end of the bridge. On the evening of October 27th, the plaintiff was driving a team which, he testified, was kind and gentle, and was passing westward, and his horses got frightened at something, the plaintiff thinks, at the piles of poles and posts which were lying at the east end of the bridge, and the horses jumped and ran, and, when near the west end of the bridge, the wagon went over with the plaintiff, and he was severely injured. Dorr Smith was the commissioner of highways of the town at the time of the accident, and had been since February, 1894. Some work had been done upon the new road by the commissioner preceding Dorr Smith, but the bridge was constructed as far as it had gone at the time of the accident, and the road had generally been worked and put in condition while Smith was commissioner. Under his supervision, the road was opened for public use and travel in July, 1894, and had continued to be used by the public up to the time of the accident.

The chief allegation of negligence on the part of the defendant set forth in the complaint was that the road across the ravine was narrow, and had no safeguards, and was negligently suffered by the defendant to remain in that condition for many months prior to the accident; and that while the highway commissioner of the defendant was engaged in his official duties, a short time before October 7, 1895, he drew to, and negligently piled and left the poles near to, the side of the highway, or caused the same to be done. Upon the trial, the piling of these poles by direction of the commissioner of highways was shown by the plaintiff without objection on the part of the defendant; but the learned trial court, in its charge to the jury, eliminated this fact from the consideration of the jury as a ground of negligence, because it had not been stated in the plaintiff's verified statement of claim that had been presented to the supervisor of the town, under section 16 of the highway law. To this charge the plaintiff duly excepted. The verified statement of claim was as follows:

"Thomas Quinn hereby makes verified statement of his cause of action against the town of Sempronius, N. Y., for that, on or about October 27, 1895, he sustained damages to his person by reason of a defect in the highway of said town, on what is known as the 'New Road,' near Sayle's Corners, such defect existing because of the neglect of the commissioner of highways of said town, and such damage amounting to ten thousand dollars. The road was narrow, and there were no barriers. Claimant's wagon was overturned, and he was greatly hurt, and became sick, sore, lame, and disordered, and has ever since so remained. He has suffered great pain, has been hindered from his business, and he paid out considerable sums of money in endeavoring to be healed, and that he received such injuries without any fault or negligence on his part."

Taken in connection with the claim that the piling of the posts and poles near the bridge had frightened the horses, and as a result of such fright the injury had occurred, this ruling on the part of the trial court became very important, and may have determined the result reached by the jury.

Section 16 of the highway law, being chapter 568 of the Laws of 1890, provides that:

"Every town shall be liable for all damages to person or property sustained by reason of any defect in its highways or bridges, existing because of the neglect of any commissioner of highways of such town. No action shall be maintained against any town to recover such damages unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months after the cause of action accrues, and no such action shall be commenced until fifteen days after the service of such statement."

The statement was presented within the time required by the statute. The object of the statute plainly is that the town shall have fair and timely notice of the cause of action, and of the claim made against it; and time is given after the notice, and before the suit is commenced, for the town to examine into the claim, and decide what to do with reference to it. This notice is not required to have all the formalities of a complaint or of a bill of particulars. Its purpose is served by bringing the general nature of the claim to the attention of the town. In the cases of Paddock v. City of Syracuse, 61 Hun, 8, 15 N. Y. Supp. 387; Sullivan v. Same, 77 Hun, 440, 29 N. Y. Supp. 105; Werner v. City of Rochester, Id. 33, 28 N. Y. Supp. 226; Cross v. City of Elmira, 86 Hun, 467, 33 N. Y. Supp. 947; and Stedman v. City of Rome, 88 Hun, 279, 34 N. Y. Supp. 737,—the charters of the cities that were defending provided, in substance, that the notice of claim should contain a statement specifying the time and place and cause or location of the accident. These cases have been cited as bearing upon the question of the sufficiency of the notice of claim in the case at bar. The general principle sanctioned in those cases is that a substantial compliance with the statute in this regard is sufficient. But the notice in this case is made under a statute that only requires a statement of the cause of action, and is not as specific as the city charters referred to. The notice sets forth a cause of action for negligence in regard to this highway. The defendant could not have been misled as to the cause of action from the statement itself.

The notice contains the general allegation of a defect in the highway; that it was narrow, had no barriers, as a result of which the wagon was overturned, and the plaintiff injured; and that the plaintiff was free from contributory negligence, which constituted the plaintiff's cause of action. These allegations were sufficient to include any negligence of the defendant which contributed to the result mentioned. Edgerton v. Railroad Co., 35 Barb. 389, affirmed 39 N. Y. 227, where Grover, J., says, at page 230:

"The complaint contains the general averment that the injury was received from the negligence of the defendant and its employés, and it is therefore immaterial whether the proof established the particular negligence specified in the complaint, some negligence being shown."

To the same effect, Roblee v. Town of Indian Lake, 11 App. Div. 435, 42 N. Y. Supp. 326.

The piling of the posts and poles at the point where they were placed, the jury may well have found, was a defect in the highway. In Whitney v. Town of Ticonderoga, 127 N. Y. 40–44, 27 N. E. 403, a road scraper left by the side of the road was held a defect, affirming 53 Hun, 214, 6 N. Y. Supp. 844; and in the opinion at general term the court says: "The legislature obviously meant by 'defective highway' one actually unsafe for public travel,"—and cites, as instances of defect, a wooden awning over a sidewalk, a pile of ashes in the street, and a pile of stones upon the side of the roadway. We have reached the conclusion that the exception we have considered was well taken.

The trial court submitted the question to the jury whether the highway commissioner was without funds with which to erect the barriers upon the bridge, and, if so, whether he had made every proper effort, and taken all the steps that he could take under the law, to procure funds. At the close of the charge, the counsel for the plaintiff requested the court to charge the jury "that, on the evidence in this case, the want of funds is not available to the defendant." He also requested the court to charge that, "the commissioners of highways having the power to get further funds, and not using the power, want of funds is not a defense in this case." The court declined these requests, and the plaintiff excepted in each instance. It is well settled that the burden of showing the want of funds and the want of means of procuring the same is always a matter of defense. Whitlock v. Town of Brighton, 2 App. Div. 23, 37 N. Y. Supp. 333, and cases there cited. The evidence that the case discloses in regard to this defense is that the highway commissioner, in the beginning of the year 1895, applied to the proper authorities for $500, and received but $300, and that he had exhausted that money upon the highways in August before the accident to the plaintiff; and the further evidence of a witness who testified that in 1894 he had had difficulty at the point of this accident, and had led his team across the bridge, and that he told the commissioner that some one would get killed there, and the commissioner said that he had no money to do what was needed, and that he had to do those things with his own money. This was a year before the accident. The case is barren of any proof showing that the commissioner availed himself of any of the means pointed out by the statutes of the state to procure the funds for the purpose of completing the bridge and putting up the barriers. It appeared that the expense of putting them up would not exceed $14; that he entered upon the work of constructing those barriers by furnishing the material and placing the road in a more dangerous condition shortly before the accident. And the commissioner, in view of these facts, cannot be permitted to excuse his negligence for want of funds. Whitlock v. Town of Brighton, supra; Rector v. Pierce, 3 Thomp. & C. 416.

The learned counsel for the respondent refers to Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240, as sustaining his contention upon this appeal. In that case it was shown that the supervisor of the town had the funds in his hands, but had not paid them over to the commissioner, though the latter had demanded them; and that court in that case said that the commissioner no doubt could have re-

quired the supervisor to have paid over the funds, and the only failure was a neglect to institute some proper proceeding to compel its payment to the commissioner, and it had not been shown that the commissioner was guilty of any negligence in that respect. In the case at bar it fairly appears that the only effort that the commissioner had made for funds was to make an oral estimate of the amount required, which had not been complied with. The Clapper Case is so different in its facts from the one at bar that it does not assist us here. The inference that the defendant's counsel seeks to draw from the Clapper Case—that, after the defendant had established that the commissioner was without funds, the burden was shifted upon the plaintiff to show that the commissioner had not exhausted the statutory means to obtain funds—is not warranted; for all the cases hold that the burden continues with the defendant until it establishes both propositions, viz. that the commissioner was without funds, and also without power to procure them. The defendant not having established both these propositions, the trial court was not at liberty to submit the question to the jury, but should have held, as a matter of law, that the defense had failed upon this branch of the case.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.