superior does not apply to the city in respect of them. Wilcox v. City of Rochester, 190 N. Y. 137, 82 N. E. 1119, 17 L. R. A. (N. S.) 741. I have heretofore had to consider this same question. Peatty v. City of New York, 33 Misc. Rep. 231, 67 N. Y. Supp. 276. The fire department having put up and used the wire in the discharge of its duties, the city cannot be made liable for any negligence of the said department therein. That the said department should suffer the said wire, or the posts or poles upon which it was carried to wear out or decay and fall, would be its negligence alone. The city owed no duty of inspection or care of wire or poles; they were under the control and charge of the state through a state agency. The city had nothing to do with them. To say that the city had the duty of inspection to see that a worn out or unused wire or rotted post was replaced, would be erroneous. But the present case is much worse. The learned trial judge ruled that the city was responsible for the wire; he did not and would not recognize at all the non-liability of the city for the negligence of the fire department. The case does not rest on the wire being an obstruction and danger on the surface of the street after it fell which the city should have removed. No such question was presented to the jury. It would involve the length of time the wire lay on the street, which seems to have been only a few hours, and may not have been long enough to attribute that notice to the city on which its liability would depend. Nor was the case put to the jury on the ground of negligence of the city in not removing the wire from the poles before it broke, on the ground that the fire department abandoned it and it had grown obviously dangerous. If it had been they might have negatived the facts on which such ground depended. The city was treated as having put the wire up, as being in control and use of it, and therefore responsible for it.

The theory on which the case went to the jury in respect of the city was so erroneous that the verdict as to the other defendant's probably resulted therefrom, and the judgment should therefore be reversed as to all.

Judgment and orders reversed and new trial granted; costs to abide the event. All concur.

---

### CATTERSON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

1. PLEADING (§ 34*)—CONSTRUCTION OF COMPLAINT ON MOTION TO DISMISS.

Code Civ. Proc. § 519, requires that a complaint on motion to dismiss be liberally construed, and its construction, so far as matters of form are concerned, must be in favor of the pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 66; Dec. Dig. § 34.*]

2. CARRIERS (§ 314*)—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—SETTING DOWN PASSENGERS—ACTIONS—COMPLAINT.

In an action for injuries to plaintiff's wife, a complaint is sufficient, on motion to dismiss, where under it plaintiff could prove that defendant was a street railroad operating its cars on a specified avenue; that on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a date named the pavement on such avenue within two feet of its tracks was being repaired; that plaintiff's wife, having an infant in her care, was a passenger on a car, which came to a full stop on the avenue named; that plaintiff's wife alighted, and while taking her child from the car, without any fault on her part, her foot slipped into a hole, causing her to fall, and that she thereby sustained injuries; and that defendant knew the condition of the street, and omitted to give any warning of such repairs.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1273; Dec. Dig. § 314.*]

**3. CARRIERS (§ 303*)—CARRIAGE OF PASSENGERS—PERSONAL INJURIES—SETTING DOWN PASSENGERS.**

A carrier must provide a reasonably safe place at which its passengers can alight, or warn them of known dangers at the place where they alight; and the duty of the carrier to a woman accompanied by an infant does not terminate at the moment when she alights from the car, but continues until she has a reasonable opportunity to take her child from the hands of a fellow passenger, who was handing it to her.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1224; Dec. Dig. § 303.*]

Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by Patrick Catterson against the Brooklyn Heights Railroad Company. From an order dismissing the complaint, and denying plaintiff's motion for a new trial, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Adolph L. Pincoffs, for appellant.
George D. Yeomans, for respondent.

BURR, J. Upon the trial of this action, after a jury had been impaneled, but before any evidence had been introduced by the plaintiff, the court dismissed the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. Upon such a motion, not only must the complaint be liberally construed (Code Civ. Proc. § 519), but such construction, so far as matters of form are concerned, must be in favor of, and not against, the pleading. Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 451, 51 N. E. 301; Rochester R. Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008; Howe v. Hagan, 110 App. Div. 392, 97 N. Y. Supp. 86; Naylor v. N. Y. C. & H. R. R. R. Co., 119 App. Div. 24, 103 N. Y. Supp. 966. In the Coatsworth Case, supra, the court said:

"Under the more recent authorities pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claim are sufficient if under them he would be entitled to give the necessary evidence to establish his cause of action."

In the Howe Case, supra, and the Naylor Case, supra, this court has followed this rule, making use of the same language. Under the complaint in this action the plaintiff could prove that the defendant was a street railroad corporation operating its cars through Graham avenue, in the borough of Brooklyn; that on the 7th day of August, 1906, the pavement on Graham avenue within two feet of the tracks of the rail-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

road company was being repaired; that some of the paving blocks had been taken out, leaving large holes in the pavement; that on the date mentioned plaintiff's wife, having an infant child in her care, was a passenger on a car of the defendant, which came to a full stop at the corner of Graham avenue and Driggs street; that plaintiff's wife alighted, and while in the act of taking her infant child from the car, without any fault on her part, her foot slipped into one of the above-mentioned large holes in the pavement, causing her to fall; and that she thereby sustained injuries. He could also prove that the defendant knew that the pavement was being repaired, and the condition of the street in consequence thereof, and omitted to give the alighting passenger any notice or warning that such pavement was being repaired, and that there were large holes in such pavement as a consequence thereof. Upon such proof being made it would be for the jury to say whether the defendant exercised due care to give the plaintiff's wife a reasonably safe place to alight. This it was the duty of the defendant to do, or to warn her of existing danger known to it. Wells v. Steinway R. Co., 18 App. Div. 180, 45 N. Y. Supp. 864; Wolf v. Third Avenue R. R. Co., 67 App. Div. 605, 74 N. Y. Supp. 336; Flack v. Nassau Electric R. R. Co., 41 App. Div. 399, 58 N. Y. Supp. 839; Onderdonk v. N. Y. & Sea Beach R. R. Co., 74 Hun, 42, 26 N. Y. Supp. 310; West Chicago St. Ry. Co. v. Cahill, 64 Ill. App. 539; Bass v. Concord Street Ry. Co., 70 N. H. 170, 46 Atl. 1056.

The duties and obligations of a common carrier to exercise reasonable care to secure the safety of the plaintiff's wife did not terminate at the moment when she had alighted from the car, but continued until she had a reasonable opportunity to take her infant child from the hands of a fellow passenger, who was handing it to her. McKone v. Mich. Central R. R. Co., 51 Mich. 601, 17 N. W. 74, 47 Am. Rep. 596; Jeffersonville, etc., R. R. Co. v. Riley, 39 Ind. 568; Tobin v. Portland, etc., R. R. Co., 59 Me. 183, 8 Am. Rep. 415. It was not necessary to allege in the complaint the exact size of the hole nor the exact distance from the track. These were evidentiary facts. It was enough to allege that it was less than two feet from the track, and that it was sufficiently large to cause the passenger to fall, when without fault on her part she. stepped into it. It was not necessary to allege that it was dangerous. That could be inferred from the fact of the fall as a consequence of stepping into it. The allegations of the complaint respecting the conduct of the defendant in bringing the car to a stop in close proximity to this large hole in the pavement, and in omitting to warn the plaintiff's wife of its existence, is followed by the allegation that "the accident was caused by the negligence of the defendant." This is equivalent to saying that the act and the omission above referred to was a negligent act and omission.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event. All concur, except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting). It is trite that there can be no complaint for negligence without an allegation of some negligent fact, i. e., some fact causing the injury, and alleged to be caused by the neg-

ligence of the defendant. There is no such allegation in this complaint. It is alleged that the defendant ran a car line "along Graham avenue"; that the pavement on the said avenue within two feet of the car tracks was being repaired—by whom is not alleged—and that there were large holes therein "where some of the blocks had been taken out"; that the car on which the plaintiff's wife was a passenger stopped at the corner of the said avenue and another avenue; that she got out, and that while "taking up her child," who had been handed out of the car by another passenger, "her foot slipped into one of the holes" already mentioned, which caused her to fall; that the fact that said pavement was being repaired was known to the defendant; and that it failed to give the plaintiff's wife any notice or warning of the condition thereof. There is no other allegation of fact—this is all. No act of the defendant or of any one else is alleged as negligent; nay, no act at all of the defendant is alleged. Nor is any omission by it alleged, except that it did not notify or warn the plaintiff that the street was being repaired. But it is not alleged as a negligent omission; and the condition of the street was in full sight, and there is no allegation that the plaintiff did not see it or know it.

It is said that under these allegations the plaintiff could prove that the repairing was going on and the condition of the street therefrom, that her foot slipped into one of the holes, and that the defendant knew the repairing was going on and the condition of the street and omitted to give the plaintiff warning or notice thereof; and that upon such proof being made "it would be for the jury to say whether the defendant exercised due care." But that is begging the whole question. The jury could not be permitted to do any such thing unless the complaint contained the necessary allegation of negligence; and the very point before us is whether it does. If it does, of course it would be for the jury to find whether there was negligence; but if it does not, the case could not get to the jury at all.

The said allegations are immediately followed by this general allegation, "and that said accident was caused by the negligence of the defendant, its agents or servants." This does not make a complaint for negligence. It alleges no fact of negligence. There is no such thing as an allegation of negligence except by an allegation of some fact causing the injury, and alleged to be caused by the defendant's negligence. Are we to hold otherwise in order to save this slovenly and stupid complaint, when our method of pleading is so simple? Ignorance in our profession does too much harm to be encouraged. Are we to say that a bald allegation that the "accident"—and moreover an accident is never actionable—"was caused by the negligence of the defendant," makes a good complaint, and that it is not necessary to allege the fact that caused the injury and that it was caused by the defendant's negligence? It would be contrary to the uniform rule in trial courts from the beginning. Once the profession be informed that such a general empty allegation suffices, the complaint may as well be done away with in negligence actions, for, inasmuch as it would inform the defendant of no issue of fact, it would be a dead letter and useless.

The case of Oldfield v. N. Y. & Harlem R. Co., 14 N. Y. 310, is cited for such a proposition only through inadvertence as to the fact in that case. It is at the back of every suggestion to be found that such a general barren allegation makes a good complaint. A general remark in the opinion of Judge Wright therein is quoted for the said proposition, which is without any other support anywhere in the literature of pleading, viz.:

"The complaint averred that the death was caused by the negligence and default of the defendants and their agents and servants. This authorized evidence of the defendant's neglect or misconduct tending to produce the injury, without a more particular statement in the pleading."

If the exact statement on the same head by Judge Comstock in his opinion in that case be also quoted, no such extravagant meaning could be attributed to the court, for both opinions together were concurred in by the full bench, viz.:

"In the course of the trial evidence was received to show that there were no guards in front of the wheels of the defendant's car. The complaint alleges that the car was driven over the child carelessly and negligently by the defendant's servant, and it says nothing about the guards; and on this ground it was insisted that the evidence should not be admitted."

And then the learned judge says that the evidence was admissible, not to enable a recovery to be had for lack of a fender, but on the ground of whether the car as it was, was carefully managed, for (as he continues)—

"what would be prudent and careful in the management of a well constructed car, provided with brakes and guards to prevent injury in case of accident, might be imprudent and careless in driving a car not thus provided."

Here we are fully informed that the complaint alleged the fact which caused the injury, and that such fact was caused by the negligence of the defendant, viz., that the defendant negligently ran over the child in the street with its car, instead of alleging no fact of negligence. The case is therefore no authority whatever for the proposition that a general allegation like that in this complaint suffices to state a cause of action.

A general statement in the opinion in Edgerton v. N. Y. & Harlem R. Co., 39 N. Y. 227, is also cited in support of the said proposition, viz.:

"The complaint contained a general averment, that the injury was received from the negligence of the defendant and its employees, and it is therefore immaterial, whether the proof established the particular negligence specified in the complaint, some negligence being shown."

This has also to be tested by reference to the complaint in that case to see what such "general averment" was. That we learn from the report of the case below. 35 Barb. 389, 392. There we are informed in the opinion that the complaint contained "a general allegation that the occurrence"—the jumping of the railroad car the plaintiff was in from the track, the fact that caused the injury—"happened, and the injuries of the plaintiff were received, through the negligence and want of care of the defendants." It is added that "this is a sufficient allegation to include any negligence"—by which was obviously meant,

to speak with scientific accuracy, to "include" or permit evidence of any act or omission tending to show that the negligent fact alleged, namely, the jumping of the car from the track, was caused by the defendant's negligence. For instance it might be proved that the car wheels or the track was defective and broke.

These two obiter expressions were cited in Roblee v. Town of Indian Lake, 11 App. Div. 435, 42 N. Y. Supp. 326, Leeds v. N. Y. Telephone Co., 64 App. Div. 484, 72 N. Y. Supp. 250, and Murphy v. Milliken, 84 App. Div. 582, 82 N. Y. Supp. 951; but it is manifest on a perusal of these cases that nothing was actually decided in any of them which controls the present case.

We have been recently admonished by the Court of Appeals not to accept as controlling anything in the opinions emanating from it which is outside of the exact point which was before it by the record in the case. "A judicial opinion, like evidence, is only binding, so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance. The failure to read the opinions of courts with this fact in mind gives rise to much fruitless litigation." Colonial City Tr. Co. v. Kingston R. Co., 154 N. Y. 493, 48 N. E. 900. Following this admonition, we should be careful not to accept literally the expressions which have been cited from the Oldfield and Edgerton Cases as law. They were uttered with reference to the allegations in the complaints in those cases, and must be restricted to that sense.

The judgment should be affirmed.