(142 App. Div. 491.)

### PAGNILLO v. MACK PAVING & CONSTRUCTION CO.

(Supreme Court, Appellate Division, Second Department. January 20, 1911.)

1. MASTER AND SERVANT (§ 258*)—DEATH OF SERVANT—ACTIONS—SUFFICIENCY OF COMPLAINT.

In an action for death of a servant, the complaint must in general or particular terms state the act or omission causing the injury and defendant's breach of a duty relating to it, and allegations that the servant while engaged in work required of him suffered mortal injuries caused solely by the negligence of defendant and of the person intrusted with superintendence, in and about the performance of defendant's work required by it of the servant are insufficient.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 816; Dec. Dig. § 258.*]

2. TRIAL (§ 163*)—DISMISSAL—SUFFICIENCY OF MOTION.

Where a complaint in an action for death of a servant was insufficient for failure to allege any omission or act of negligence, a motion to dismiss, alleging that the complaint did not state a cause of action, was not insufficient for failure to point out what was lacking in the complaint.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 371; Dec. Dig. § 163.*]

Appeal from Trial Term, Westchester county.

Action by Maria A. Pagnillo, administratrix of Giuseppe Pagnillo, against the Mack Paving & Construction Company. From a judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Paul Grout (Chauncey E. Treadwell, on the brief), for appellant.

Michael J. Tierney, for respondent.

THOMAS, J.   The action is to recover damages for the death of Pagnillo, defendant's servant. The court denied a motion made after the jury was impaneled to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. What fact does the complaint state to charge defendant with negligence? The allegations in effect are that the deceased while engaged in work required of him under his employment suffered mortal injuries caused solely by the negligence "of the defendant and of the person then and there intrusted by it with and then and there exercising superintendence for it and whose sole or principal duty was then and there superintendence for it and then and there acting as superintendent, with the defendant's authority and consent, in and about the performance of the defendant's said work required by it of the decedent, in which performance." This is a mere statement that, while Pagnillo was duly engaged in his master's work, he was killed by the negligence of the master and the authorized superintendent in charge of such work. It is not enough to allege that a dutiful servant was killed by the negligence of the master or his agent in charge respecting the work in which the servant was engaged. What was the omitted act that should have been done, or the culpable act that was done? Does it relate to place, appliance, tool, rule, instruction, or order? The complaint is silent. In this state I discover no authority sustaining a pleading bare of facts. Upon examination it will be found that in the decisions invoked by plaintiff there is some fact stated, either an omission or an act, upon which negligence was predicated and charged; it may be by a general allegation of negligence as to such act or omission allowing evidence of details associated with such act or omission. This is illustrated by considering the decision in Oldfield v. N. Y. & Harlem R. R. Co., 14 N. Y. 310. The complaint is found in the report of the case in 3 E. D. Smith, 103, 104, whereby it appears that the negligent act charged was the driving of a car, and the inquiry was whether under such pleading absence of guards on the car could be shown, and it was stated in the opinion of the court below that:

"The complaint did charge the negligence either on the defendant or their agents; and although that negligence, as proven, mainly consisted in the acts of the driver, still there was ample room under that allegation to add any facts of negligence on the part of the defendants in the construction of their cars which would have aided in causing such injury."

In the opinion of the Court of Appeals it is said:

"The complaint averred that the death was caused by the negligence and default of the defendants and their agents and servants. This authorized evidence of the defendants' neglect or misconduct tending to produce the injury, without a more particular statement in the pleading."

This language has relation to the pleading before the court. There was no exception involving the sufficiency of the complaint as to neg-

ligence in driving the car, and Comstock, J., more amply states the scope of the decision:

"In the course of the trial, evidence was received to show that there were no guards in front of the wheels of the defendants' car. The complaint alleges that the car was driven over the child carelessly and negligently by the defendants' servant, and it says nothing about the guards; and on this ground it was insisted that the evidence should not be admitted. On this point I concur in the observations of Mr. Justice Woodruff, in the court below, who thought the evidence admissible on the ground that what would be prudent and careful in the management of a well-constructed car, provided with brakes and guards to prevent injury in case of accident, might be imprudent and careless in driving a car not thus provided. It is hardly probable that this evidence had any influence upon the result of the trial; but I cannot say it was so remote from the question of the negligent driving and management of the car, that it ought not to have been received."

Edgerton v. New York & Harlem R. R. Co., 39 N. Y. 227, reported below 35 Barb. 193, involved injury to a passenger from derailment of the caboose in which he was riding, and the sufficiency of the pleading was not raised. It is said in the opinion:

"The complaint contained a general averment that the injury was received from the negligence of the defendant and its employés, and it is therefore immaterial whether the proof established the particular negligence specified in the complaint; some negligence being shown."

The evidence showed derailment, and the plaintiff, having thereby made a prima facie case, was not bound to go farther, and show that it arose from "particular negligence specified" in the complaint. While the complaint is not discussed, nor its allegations indicated, the derailment was not contested, and it is presumable that it was pleaded or the failure to do so was not questioned. These cases have been frequently cited, but not to sustain a mere averment of negligence dissociated from an act or omission. In Pizzi v. Reid, 72 App. Div. 162, 76 N. Y. Supp. 306, the negligence was in terms related to unsafe flooring. In Leeds v. New York Telephone Co., 64 App. Div. 484, 72 N. Y. Supp. 250, it was ascribed to the fastening of a wire stretched across the street; in Ellsworth v. Agricultural Society, 99 App. Div. 119, 91 N. Y. Supp. 1040, to the employment of an incompetent person. In Roblee v. Town of Indian Lake, 11 App. Div. 435, 42 N. Y. Supp. 326, it was referred to the lack of a proper barrier between the highway and a lake, while in Murphy v. Milliken, 84 App. Div. 582, 82 N. Y. Supp. 951, five named omissions of the master's duty were stated. The result of such holdings seems to be that the pleader may state generally a culpable breach of some duty owing by the defendant, but the thing to which that duty attaches must be pointed out. Then, if the charge is too general, as, for instance, an allegation that a place or an appliance furnished the servant was unsafe, without indicating the known defect, the defendant should move for a more informing and particular description or identification. But in general or particular terms the act or omission causing the injury must be stated, as well as facts showing the defendant's breach of a duty related to it. The following references will aid an understanding of the rule: City of Buffalo v. Holloway, 7 N. Y. 493, 498, 57 Am. Dec. 550; Knapp v. City of Brooklyn, 97 N. Y. 520; Petty v. Emery, 96

App. Div. 35, 88 N. Y. Supp. 823; Kranz v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674; Peerrot v. Mt. Morris Bank, 120 App. Div. 247, 104 N. Y. Supp. 1045; Taite v. Boorum & Pease Co., 37 Misc. Rep. 162, 74 N. Y. Supp. 874. In Catterson v. Brooklyn Heights Railroad Co., 132 App. Div. 399, 116 N. Y. Supp. 760, the facts were pleaded, and it was considered unnecessary to plead details, which were matters of evidence, and the dissenting opinion, so far as it explained the decision in Oldfield v. N. Y. & Harlem R. R. Co., supra, and Edgerton v. New York & Harlem R. R. Co., 39 N. Y. 227, was not inconsistent with the prevailing views. It is urged that within authoritative decisions, such as Booth v. Bunce, 31 N. Y. 246, Binsse v. Wood, 37 N. Y. 526, Thayer v. Marsh, 75 N. Y. 340, and Sterrett v. Third National Bank of Buffalo, 122 N. Y. 659, 25 N. E. 913, the defendant in its motion to dismiss should have pointed to what was lacking in the complaint. But what greater precision could defendant have employed? His motion was that the complaint did not state facts sufficient to constitute a cause of action. A mere inspection shows that it is not technical, but vital, omission, and one that could not be supplied on the trial. Hence the rules stated in the above decisions are not applicable. Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601. What could defendant state as absent? How could it know what facts, if any, plaintiff had in mind, and to what duty of defendant it related? There was no fact present, and the defendant was not required to express a conjecture as to what the plaintiff would plead.

Without consideration of the evidence or other exceptions, the judgment and order should be reversed and a new trial granted, costs to abide the event. All concur.