(90 Misc. Rep. 365)

### RUPPERT v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. MUNICIPAL CORPORATIONS ⊂⇒784—EXCAVATIONS IN STREETS—LIABILITY FOR DAMAGES.

In an action for damages to an automobile truck weighing from 5 to 11 tons, which struck a depression in the approach to a bridge, swerved, and went through a barrier of planks into an excavation for a subway, where the roadway was from 25 to 30 feet wide, it appeared that the chauffeur knew of the excavation, and there was no evidence as to the construction of the barrier to support a finding that it was not sufficient for all reasonable purposes, a recovery against the contractor for the excavation was unwarranted.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1636, 1637; Dec. Dig. ⊂⇒784.]

2. MUNICIPAL CORPORATIONS ⊂⇒819—DEFECTS IN STREETS—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for damages to an automobile truck, claimed to have been due to a hole or depression in the approach to a bridge, where, though one witness estimated that the hole was six inches deep and testified that it had existed for about five weeks and was getting deeper and bigger, he refused to express an opinion as to the depth or condition of the hole even two days before the accident, and the chauffeur, who had passed over the roadway two days before, said that he did not notice the hole, there was not sufficient evidence of notice to the city to render it liable.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. ⊂⇒819.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Jacob Ruppert against the City of New York and another. From a judgment for plaintiff, entered upon the verdict of a jury, defendants appeal. Reversed, and new trial granted.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Walter G. Evans, of New York City (Walter R. Kuhn, of Brooklyn, of counsel), for appellant Construction Co.

Frank L. Polk, Corp. Counsel, of New York City (Charles J. Nehrbas and Terence Farley, both of New York City, of counsel), for appellant City of New York.

Fitch, Mott & Grant, of New York City (Ashbel P. Fitch, of New York City, of counsel), for respondent.

BIJUR, J. This action is brought for damages to an electric automobile truck belonging to plaintiff. While proceeding over Manhattan Bridge in the direction of Brooklyn, and after leaving the asphalted roadway of the bridge proper, the chauffeur in charge of the truck claims that on the downgrade, on what we might call the "approach," he encountered a hole or depression in the roadway; that he thereupon lost control of the machine so that it swerved over 12 feet to the left. At this point defendant construction company was engaged in making

an excavation for the new subway, and the truck went through a barrier of planks there erected and was precipitated into the excavation.

I think that the complaint should have been dismissed at the close of the plaintiff's case on the appropriate motion made by both defendants, after the denial of which defendants rested.

[1] The accident occurred about 6:10 o'clock in the morning of a day late in November. Plaintiff's chief witness claims to have been able to observe movements of the truck over 300 feet distant. Moreover, regardless of the extent of the daylight, there is positive evidence of plaintiff's chauffeur that he was fully aware of the existence of the excavation and the work going on there for months. While the one witness said that he did not see the barrier there (which is quite natural, since the automobile admittedly broke it down before he arrived), the chauffeur testifies to its existence. Plaintiff offered no evidence as to its construction; consequently, there is no basis for a finding that it was not sufficient for all reasonable purposes. Apart from the fact that the roadway at this point was admittedly from 25 to 35 feet in width, it is quite manifest that no liability on the part of the defendant can be predicated on the mere demolition of a barrier by an automobile weighing, as testified to, from 5 to 11 tons running on a downgrade. Although this proposition appears to be too self-evident to warrant citation of authorities, McDonald v. Degnon Const. Co., 124 App. Div. 824, 828, 109 N. Y. Supp. 519, and City of Buffalo v. Holloway, 7 N. Y. 493, 497, 57 Am. Dec. 550, may be noted as indicating that a contractor, under circumstances similar to those in the case at bar, cannot be expected "to erect such a barrier  *  *  *  as to make such an accident well-nigh impossible," and that he is not "in the position of an insurer against possible accidents."

[2] In respect of the liability of the city, while one of plaintiff's witnesses estimated the hole to be six inches in depth, he said further that the depression had existed there for about five weeks "and got deeper and bigger from wear and tear." He repeatedly refused to express an opinion as to the depth or condition of the hole even two days before the accident. The chauffeur, who had passed over the roadway two days before, said that he did not notice the hole there then. The mere circumstance of a depression in the roadway during some weeks is not sufficient to charge the city with notice, and there is a complete absence of evidence of the existence of the hole for any appreciable length of time as one of sufficient dimensions to require attention. Lalor v. C. of N. Y., 208 N. Y. 431, 102 N. E. 558. See, also, Faber v. City of N. Y., 213 N. Y. 411, 107 N. E. 756.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.