By the Court. Bosworth, J.—The
complaint does not allege that the wreck of the sunken vessel can be removed. It states, that various efforts have been made to raise it, and that some of the hulks, machinery and fixtures, employed in the efforts made to raise it, have also been sunk, in the slip, while so employed. It is not alleged that the hulks, machinery and fixtures were sunk by reason of any negligence or want of skill, in the persons employed, nor that they were not appropriate instrumentalities for the removal of the wreck.
In White v. Crisp, (26 Eng. Law & Eq. R. 532,) the Court con- " *111 strued the allegations of the complaint to mean, that, up to and at the time of the injury complained of, “ the defendants, to whom the sunken ship had been transferred, exercised the possession, control, and management, and direction thereof.”
Of that construction, the Court remarked: “Now, we understand by this, that the defendants had it in their power, -by due care and exertion, to have altogether removed this vessel, or to have shifted, at least, its position, and so might, reasonably, have been able to have prevented the injury. If these words do not mean, this, we think there was no liability on the part of the defendants.” We consider this a correct statement of the rule of liability, in a case like the present, and that none of the cases cited conflict with it.
There are no words, in the complaint in this action, which can be deemed to import, that the defendants could have raised or removed the wreck of the Joseph Walker, unless the averments, that, “ during the spring, summer and autumn of 1854, various efforts were made by him,” (Captain Bell,) “and others who acted under said agreement, at the instance of the defendants, to raise and secure the said wreck,” imports it. But the complaint, while it does not allege that these efforts were not as well devised and efficient as any that could, reasonably, be made, also states, that this vessel sunk in about thirty feet of water, at medium tide, and still remains sunken on the bottom, with the hulks, machinery and fixtures, which were also sunk, in the efforts made to raise her. These statements do not favor an inference that the wreck could be removed.
The complaint further states, that “the defendants have not attempted to remove the said wreck, as they were in duty bound to do, and as the plaintiffs have often requested them to do, from the said slip.” But no facts are stated, as creating a duty to remove the wreck, except that the vessel was burned, by accident, and sunk to the bottom, and that various unsuccessful efforts had been made to raise it. The allegation, that it was their duty to remove the wreck, is of no importance, in the absence of averments, that it could be removed by the defendants, and that they retained the control and management of it.
There is no allegation, in the present complaint, in those terms, or of that import. The plaintiffs’ request, that the defendants *112 should remove the wreck, would not, of itself, create a duty or liability.
We think the complaint does not state facts enough to show' that the vessel could be removed, and, consequently, not enough to make it the duty of the defendants to remove it.
For these reasons, the further allegations, “that the defendants, as the legal owners of the said wreck, have been guilty of great and unreasonable negligence, and delay, in the removal of the said wreck and obstructions, whereby,” etc., neither of themselves, nor in connection with the preceding averments relating to the same point, constitute a cause of action. Negligence in not removing, or delay in removing that which it is not shown can be removed, cannot be imputed to the defendants.
It being affirmed that the vessel was burned by accident, and sunk to the- bottom, the defendants, to whom she was subsequently abandoned by her insured owners, are not liable to the plaintiffs for any loss of wharfage which they have consequently suffered, until the defendants are shown to be under an obligation to remove the vessel, and to be in default for .not having done so. There are no facts, stated in the complaint, sufficient to support either of those conclusions. Hancock v. The York and C. Railway, (10 Com. Bench Rep. 349.)
No fault can be imputed to either of the insurance companies, arising from, or which caused, the sinking of the vessel. They had no agency in producing that result, and were not interested in the vessel, as part owners, until after she had been abandoned to them by the owners of parts 26/32 thereof, and subsequently to her being sunk.
The only other allegations, which it can be pretended constitute a cause of action, are to the effect that the defendants “ have wrongfully made use of said slip, and pier, and bulkhead, as a working-place when,” (or whence,) “they could raise the said wreck, so as to enable them to secure and remove the spars, rigging, iron, timbers, and other such property connected with said wreck.”
It will be observed, that this clause of the complaint characterizes the use made of the slip as being as truly wrongful as that made of the pier and bulkhead. The wreck could not be removed or raised without using the slip. Whether it could be *113 done, if at all, without using the pier and bulkhead, the Court cannot so clearly see. It is not affirmed that proper efforts could be made as efficiently, without using the pier and bulkhead as with using them, nor that effectual efforts could be made without using both. The complaint states, that the plaintiffs have often requested the defendants to remove the wreck from the slip, and that, during the spring, summer and autumn of 1854, Capt. Bell, and others, acting under the agreement made between him and the defendants, and at the instance of the latter, made various efforts to raise the wreck.
Such a request gave the defendants the right to employ all means to raise the wreck which they, in the honest exercise of their discretion, deemed best adapted to ensure success, and to make any use of the slip, pier and bulkhead which they deemed necessary, and to which means and use the plaintiffs tacitly assented, by not objecting to it.
The piers and bulkheads are open to the common use of the public, for any purposes connected with the loading and unloading of vessels, the repairing of vessels, and the unloading and securing of their cargoes, whether they be in vessels afloat or sunk, not prohibited by statute, or the lawful ordinances of the Common Council, in relation to the manner of using them. Even if it cannot be, justly, said that the rights of the owners of wharves and piers are created by statute, it may be said that they are dependant upon statutory law, which defines and regulates these ^rights with great minuteness and detail.
The owners of piers and bulkheads have the right to demand wharfage, slippage and cranage from vessels having the use, which, by statute, makes them liable to pay. (Davies’ Laws, p. 551, §§ 212, 213, 215, 218, 224, 228, 230 and 231.)
For discharging “any ballast, consisting of earth, gravel or stones into a dock, or on a wharf, without the consent of the owner thereof, a penalty is given by statute, and when it has been so discharged, without consent, if it is not removed, after the receipt of a written notice to remove it, the owner of the vessel from which it was discharged is liable to pay the same wharfage, daily, as such vessel would be liable to pay.” (Davies’ Laws, p. 558, § 233.)
If any wharf shall be encumbered with lumber or other prop- *114 erty, so as to incommode the loading or unloading, of vessels, or the passing or repassing of carts, the owner is required to give written notice, to the owner of the lumber or other property, to remove it in a reasonable time; and if they be not removed, the owner of the wharf may remove them, and keep them in his custody until the charges of removal and storage be paid. (Id., §^235, and see § 234.) All the statutes, in relation to wharfs and piers, import a right to the public to use their top surface, without charge, for any purpose necessarily or properly connected with the loading, unloading or repairing of vessels, without being liable for such use, when it is a use not prohibited by statute or the ordinances of the Common Council.
It is the right of the owners of the sunken wreck to recover and remove so much of their property as they may be able. The fact, that the slip, pier and bulkhead are used for that purpose, is not, of itself, wrongful, nor does it, as a matter of course, entitle the owners of the wharf and pier to be paid for such use.
In order to understand what wreck the defendants have attempted to raise, and in which attempt it is alleged they have wrongfully made use of the slip, pier and bulkhead, and in what manner it is charged that said use has violated the plaintiffs’ rights, we must look at the other parts of the complaint.
In looking at the other parts of the complaint, with this view, we find it stated, that this wreck was sunk, by accident, in water thirty feet deep at medium tide, and remains on the bottom; that it is sunk near the mouth of the slip or basin, and so obstructs the slip or bulkhead as to prevent other vessels from coming in, and, of course, rendering it impossible for the plaintiffs, while that obstruction continues, to entitle themselves to wharfage from other vessels; that the defendants were often requested to remove the wreck from the slip, and that various and unsuccessful efforts to raise it were made during the spring, summer and autumn of 1854.
The use alleged to be wrongful, and in violation of the plaintiffs’ rights, is a use of the slip, pier and bulkhead as a working place, so as, and with intent, to secure and recover the property. It is not charged, that this use incumbers the bulkhead or pier, so as to incommode the loading or unloading of vessels, or the passing or repassing of carts; nor that any notice to desist from such use, *115 or to remove from the bulkhead and pier the property or articles pilaced on them, in connection with using them as a working place, if any have been so placed, has been given.
The complaint, in its specification of the consequences of all that the defendants have done or omitted to do, concludes by charging, that “ the defendants, as the legal owners of the said wreck, have been guilty of great and unreasonable negligence, and delay, in the removal of the said wreck and obstructions, whereby the plaintiffs’ accustomed revenue, derivable from the said pier and dock, or basin, has been greatly interfered with and injured, and has been greatly lessened, from the fair and usual amount thereof, and the plaintiffs have suffered great and lasting injury and damage, to the amount of $10,000.”
On the whole complaint, it must be deemed to be true, that the use of the pier and bulkhead as a working place, to raise the wreck and recover the sunken property, has neither prevented the plaintiffs from earning wharfage, nor diminished their revenues from that source. This must be deemed to be true, because the complaint states, that the sunken wreck so obstructs the pier and bulkhead “ as to prevent vesselsefrom coming in.”
It is not alleged that the use of the bulkhead and pier, as a working place, incommodes the passing or repassing of carts, or the loading or unloading of any vessel that may have been fastened to the end of the pier, or to any part of the bulkhead or pier which may be accessible to any vessel liable to pay wharfage.
We are of the opinion that the defendants have a right to use the pier and bulkhead to recover their sunken property from the slip. That the mere fact of using them, irrespective of the character and extent of the use, is not wrongful, nor a violation of the plaintiffs’ rights. And that unless it be made to appear that the use made of them incommodes the loading or unloading of vessels, or the passing or repassing of carts, or injures the pier or bulkhead itself, no right of action can be based on such use. And inasmuch as the complaint shows that there is an obstruction in the slip, for the existence of which the defendants are not responsible, and which prevents vessels from entering the slip, and thus establishes that it is impossible for either the pier or bulkhead to earn wharfage, it fails to establish, by means of the allegations now under consideration, a cause of action.
*116 A use of the slip under such circumstances, and for the purpose ' for which the complaint states it was used, being lawful, something more is essential, to a good complaint, than an averment that it was used wrongfully, and in violation of the plaintiffs’ rights.
The idea of the pleader seems to have been, that the use itself was wrongful, and in violation of the plaintiffs’ rights, merely because it was used as a working place, for the purpose of recovering the property, and not of removing the wreck.
But a use in that way, for such a purpose, violates no right of the plaintiffs, and the allegation that it was wrongful, and in violation of the plaintiffs’ rights, is not an allegation of a fact, but is the pleader’s view of the nature of the acts which he describes.
We think the order appealed from should be affirmed, with costs.