DYKMAN, J., concurred.

Order granting mandamus reversed, with costs and disbursements, and motion denied, with costs.

---

## In the Matter of the Guardianship of DOROTHY ANNAN.

*Appointment of guardian — interests of the infant alone considered.*

The rule which governs the appointment of a guardian of an infant is solely the best interests of such infant.

The appointment of joint guardians of the person of an infant, with the proviso that each guardian should have the custody of such infant every alternate six months, considered.

APPEAL by the petitioners, Edward Annan and another, from so much of the decree of the Surrogate's Court of Kings county, entered in the office of the clerk of said Surrogate's Court on the 12th day of July, 1893, as appoints Mrs. May Earle joint guardian of the infant, Dorothy Annan, and as commits the said infant to the custody of said Mrs. May Earle.

An application having been made in the Surrogate's Court of Kings county for the appointment of a general guardian of the person and property of Dorothy Annan, an infant under the age of fourteen years, a decree was entered which contained, among others, the following provisions:

"It is ordered, adjudged and decreed that letters of guardianship of the person of the said infant, Dorothy Annan, be issued to her maternal grandmother, Mrs. May Earle, and to the aunt of the said infant, Mrs. Charlotte S. Richardson.

"It is further ordered, adjudged and decreed that each of the said guardians upon qualifying have the custody, care and control of the said infant for one-half the time. The infant shall reside with Mrs. May Earle from the date of this decree until November 1, 1893, at which time the custody of the said infant shall be transferred to Mrs. Charlotte S. Richardson for six months, or until May 1, 1894. Thereafter, alternately, each guardian shall have the custody and care of the said infant for periods of six months."

*A. E. Lamb,* for the petitioner, appellant.

*John Oakey* and *William D. Veeder,* for Mrs. May Earle, respondent.

BARNARD, P. J.:

Dorothy Annan was born September 8, 1890. The surrogate appointed a maternal aunt and a maternal grandmother guardians of the person of the infant. The order provides that each guardian shall have the custody of the infant every alternate six months, and it is only this proviso of the order which is presented to this court by the appeal. All admit that the maternal aunt is a proper person to be guardian. She lives with the paternal grandfather of the infant, Mr. Annan, a man of large means, and she has had charge of the infant since the infant's mother died in July, 1891. The infant's

father died in January, 1893. The child was left in the charge of Mrs. Richardson during the interval between the death of the mother and the father. The rule which governs the appointment of guardian is solely the best interests of the infant. (Code § 2821; *Bennett* v. *Byrne*, 2 Barb. Ch. 216; *People ex rel. Pruyne* v. *Waltz*, 122 N. Y. 238.)

Under these authorities it does not seem that the joint guardianship as ordered should prevail. The child is very young and needs extremely careful attention to its health. This involves unity of treatment and a careful respect for the feelings of a baby of such tender years. A change of place, of treatment, of nurses, of surroundings every six months should be avoided. The interests of the infant are entirely in favor of the guardianship of Mrs. Richardson, viewing the case solely with reference to the physical wants of the infant. The last wish of the child's father was in favor of Mrs. Richardson bringing up the child as guardian. The pecuniary interests of the infant are entirely in favor of the child being brought up in the family of Edward Annan. He had a strong affection for his son, the child's father, and is willing to bring the child up socially far better than the estate of the child, which is small, could do. The child will be better cared for by Mrs. Richardson and will be brought up by her grandfather Annan with a full appreciation of his expectation for her.

The part of the surrogate's decree appealed from should be reversed, with costs and disbursements out of the estate.

PRATT and DYKMAN, JJ., concurred.

Order of surrogate, so far as appealed from reversed, with costs and disbursements out of estate of child.