WILLIAM S. PETTY, Appellant, *v.* SAMUEL EMERY, Respondent.

*Complaint alleging the delivery of a certificate for stock, for which the depositor was to be entitled to a new certificate when issued — when it does not allege a cause of action against the party receiving the certificate.*

The complaint in an action alleged that in May, 1903, the defendant received from Willis B. Dowd, plaintiff's assignor, a certificate for 250 shares of the common stock of the Smokeless Calorific Company, "as trustee, to hold and cancel said certificate upon the issuance to the said Willis B. Dowd of a new

certificate for the same amount of shares of said company, as soon as the same should be issued for delivery to the subscribers;" that upon the delivery of the old certificate to defendant he delivered to the plaintiff's assignor an interim certificate, which certified that Dowd, or assigns, will be entitled to receive at the office of De Witt & Co. "(as soon as the shares of said company are issued for delivery to the subscribers)" 250 shares upon the surrender of the interim certificate properly indorsed in lieu of the old certificate "which was surrendered and cancelled."

The complaint further alleged that the new shares "have long since been ready for issuance," and that prior to the commencement of this action the interim certificate, properly indorsed, was offered for surrender, but "said defendant has arbitrarily and wrongfully manipulated the affairs of said company so that the said shares have not been placed in the hands of C. H. De Witt & Company for delivery to the holder of said interim certificate, and has denied and disputed the right and title of said Willis B. Dowd and his assigns to said 250 shares of stock therein mentioned."

The relief demanded was that the defendant account as trustee and deliver back the old certificate or pay the value thereof to the plaintiff.

The complaint did not allege that the new shares had actually been issued or that it was the duty of the defendant as trustee to issue the new shares and place them in the hands of the depository.

*Held,* that the complaint did not state a cause of action, as the defendant had performed the duties of his trust so far as such duties appeared from the facts alleged in the complaint;

That it was only from the facts alleged in the complaint that the nature and extent of the duty owed by the defendant to the plaintiff could be determined;

That the allegations in the complaint that the "defendant has arbitrarily and wrongfully manipulated the affairs of said company so that the said shares have not been placed in the hands of C. H. De Witt & Company for delivery to the holder of said interim certificate, and has denied and disputed the right and title of said Willis B. Dowd and his assigns to said 250 shares of stock therein mentioned," were not allegations of fact, but averments of conclusions of law.

APPEAL by the plaintiff, William S. Petty, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 11th day of March, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, sustaining the defendant's demurrer to the plaintiff's complaint.

*Edward A. Alexander,* for the appellant.

*L. C. Ferguson,* for the respondent.

Judgment affirmed, with costs, on opinion of court below, with leave to plaintiff to amend on payment of costs in this court and in the court below.

Present — PATTERSON, O'BRIEN, INGRAHAM, McLAUGHLIN and HATCH, JJ.

The following is the opinion of CLARKE, J., delivered at Special Term:

CLARKE, J.:

The complaint alleges that in May, 1903, the defendant received from Willis B. Dowd, plaintiff's assignor, a certificate for 250 shares of the common stock of the Smokeless Calorific Company, "as trustee, to hold and cancel said certificate upon the issuance to the said Willis B. Dowd of a new certificate for the same amount of shares of said company, as soon as the same should be issued for delivery to the subscribers;" that upon the delivery of the old certificate to defendant, he delivered to the plaintiff's assignor an interim certificate, which certifies that Dowd, or assigns, will be entitled to receive at the office of De Witt & Co. "(as soon as the shares of said company are issued for delivery to the subscribers)" 250 shares upon the surrender of the interim certificate properly indorsed in lieu of the old certificate "which was surrendered and cancelled." This interim certificate is signed by the defendant as trustee. The complaint further alleges that the new shares "have long since been ready for issuance," and that prior to the commencement of this action, the interim certificate, properly indorsed, was offered for surrender, but "said defendant has arbitrarily and wrongfully manipulated the affairs of said company so that the said shares have not been placed in the hands of C. H. De Witt & Company for delivery to the holder of said interim certificate, and has denied and disputed the right and title of said Willis B. Dowd and his assigns to said 250 shares of stock therein mentioned." The demand is that the defendant account as trustee and deliver back the old certificate or pay the value thereof to the plaintiff. The defendant demurs on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties in that the company should have been made a

FIRST DEPARTMENT, JUNE, 1904. [Vol. 96.

party defendant. As I am of the opinion that the demurrer must be sustained on the first ground, it is unnecessary to pass upon the second. From the complaint submitted it appears that the duty imposed upon the trustee was merely to hold the old certificate, for which the interim certificate was given, until the new shares were issued and placed in the hands of a depository for delivery to the subscribers, and upon the issuance of such new shares to cancel the old certificate. It is alleged that the shares which were to be delivered at the office of the depository have long since been ready for issuance, but it is not alleged that they have been issued. It does not appear that it was the duty of the defendant trustee to issue the new shares and place them in the hands of the depository. It is not alleged that the defendant was an officer or director or in any way responsible for the issuance or delivery of the new shares which are not even to pass through his hands. He merely certifies that the holder of the interim certificate will be entitled to new shares as soon as issued for delivery, and upon the happening of that event he is bound to cancel the old certificate (if, indeed, it was not canceled when surrendered as alleged in the interim certificate). The defendant has performed the duties of his trust, as far as such duties appear from the facts alleged in the complaint. It is only from the facts alleged that the extent and nature of the duty owed plaintiff by defendant may be determined. As stated by Judge JEWETT in the case of *City of Buffalo* v. *Holloway* (7 N. Y. 493, 498): "The difficulty is, the want of any statement of facts, from which such duty arises. For an allegation of the duty is of no avail, unless from the rest of the complaint the facts necessary to raise the duty can be collected." It is an elemental principle of equity, as contended by plaintiff, that a trustee must not do any act inconsistent with the trust or deny the title of the *cestui que trust*. But the plaintiff must set forth facts which are inconsistent with the trust, or constitute the denial of the *cestui's* rights. In *Knapp* v. *City of Brooklyn* (97 N. Y. 520), where the injury was alleged to have been caused "by reason of the illegal action, frauds and irregularities of the officers," etc., of the defendant, Judge FINCH (at p. 523) says: "No actions of such officers are pointed out as illegal; no frauds are described or averred; no irregularities are specified; and so no facts are pleaded upon which issue can be

taken, or which indicate to the court or the adversary the questions intended to be tried." The allegations in this complaint that " defendant has arbitrarily and wrongfully manipulated the affairs of said company so that the said shares have not been placed in the hands of C. H. De Witt & Company for delivery to the holder of said interim certificate, and has denied and disputed the right and title of said Willis B. Dowd and his assigns to said 250 shares of stock therein mentioned," are not allegations of facts, but the averment of conclusions of law. In *Phinney* v. *Phinney* (17 How. Pr. 197) the allegations that the defendant has " taken upon himself the exclusive management of the estate," and with the " connivance and consent " of another has " greatly mismanaged it " to the damage of the plaintiffs, were held to be conclusions of law. In *Taylor* v. *Atlantic Mutual Ins. Co.* (2 Bosw. 106), where it was alleged that the defendants had wrongfully made use of the slip, Mr. Justice BOSWORTH says (at p. 116) : " The allegation that it was wrongful, and in violation of the plaintiffs' rights, is not an allegation of a fact, but is the pleader's view of the nature of the acts which he describes." (See, also, *New York & Mount Vernon Transportation Co.* v. *Tyroler*, 25 App. Div. 161; *Van Schaick* v. *Winne*, 16 Barb. 89.) In the case before me not a single fact is alleged from which the court can infer that the defendant's acts were wrongful, or that he has violated the trust alleged. Upon demurrer the conclusions of law are not admitted. As none of the facts upon which the conclusions are based are stated, the demurrer, upon the ground that the complaint does not state sufficient facts to constitute a cause of action, is sustained. Leave is granted to amend the complaint upon payment of costs within twenty days after service of the order herein.