(67 Misc. Rep. 1.)

### In re WYCKOFF.

(Surrogate's Court, Chemung County. March, 1910.)

1. GUARDIAN AND WARD (§ 10*)—APPOINTMENT OF GUARDIAN.

On application of a male infant 19 years old for appointment of a guardian of his property, where his motive in nominating one other than his mother is to indicate his independence in business affairs and to humiliate her, and the mother's opposition to the appointment of the person nominated and her request for guardianship is to demonstrate to her son her maternal rights and enforce complete obedience to her relating to his person or property until he shall attain his majority, and it appears that there is a controversy between the mother and son over settlement of the estate of the son's father, the court will appoint neither the person nominated by her son nor the mother herself, but will select a trust company as guardian.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 23–33; Dec. Dig. § 10.*]

2. GUARDIAN AND WARD (§ 2*)—RIGHT OF MINOR TO SELECT GUARDIAN—STATUTORY PROVISIONS.

Code Civ. Proc. § 2826, provides that a guardian appointed upon application of an infant of the age of 14 years or upwards, as prescribed in the article, must be nominated by the infant, subject to the approval of the surrogate. *Held*, that it was not the intent that an infant over 14 years old should have power to absolutely prevent the court from appointing a guardian to care for his property, by nominating some person who such infant knew would not be acceptable to the court.

[Ed. Note.—For other cases, see Guardian and Ward, Dec. Dig. § 2.*]

Petition by Spofford F. Wyckoff, an infant, for the appointment of a guardian of his property. Application granted.

Jared T. Newman and Alex. D. Falck, for petitioner.
Frank S. Bentley and Richard H. Thurston, for objector.
George R. Hemenway, special guardian.

McCANN, S. The petitioner, Spofford F. Wyckoff, is a resident of the state of Connecticut, and is 19 years of age. He has made a petition to this court in which he "prays for a decree appointing a general guardian of his property within the state of New York." The petition is made under section 2822, subd. 1, of the Code of Civil Procedure. Petitioner nominates Ira S. Bower, of Hector, Schuyler county, as such guardian, subject to the approval of the surrogate.

The petitioner's father is dead. A citation was served upon the mother of the petitioner; she also being a resident of the state of Connecticut. The mother has filed objections to the appointment of Ira S. Bower, and has asked that she be appointed as such guardian, instead of said Bower. The only property in the state of New York over which a guardian could have any control is a house and lot located in the city of Elmira. The petitioner, Spofford F. Wyckoff, asserts his right to nominate whomsoever he chooses as guardian, and takes the position that this court has no authority to appoint any person other than the one nominated by him, and that this court must either appoint as his guardian Ira S. Bower or dismiss the proceeding. Therefore, according to the argument presented by the petitioner, the

only questions before this court are: (1) Is a general guardian of the property necessary, and (2) is Ira S. Bower a proper person to be appointed?

Considerable testimony has been introduced on both sides: First, to show that Ira S. Bower is not a proper person; and, second, to show that the mother of Spofford F. Wyckoff is not a proper person. It is unnecessary to discuss the ability of either of these persons to act as guardian of the property of the petitioner. The petitioner is 19½ years old, and the guardianship can only extend a year and a half. There is nothing to care for except a house and lot, and there is no doubt, in my opinion, that either Ira S. Bower or the mother, Anna Mitchell, is competent to act, so far as concerns their ability to manage the property in question. I do not believe that it is for the best interests of the infant that either of these parties should act as the guardian of his property. It appears from the testimony that the relations between the petitioner and his mother are harmonious, generally speaking, except in matters pertaining to property. There has long been a dispute between the mother and the son as to the ownership of certain property of which the father of the petitioner was possessed, and which property is claimed by both the petitioner and his mother. These property matters have given rise to some strained relations between the mother and the son. On the other hand, it is submitted that Ira S. Bower is not a proper person to care for the property, because of his relationship to the executor under the will by which the petitioner came into possession of this property as devisee, and which relationship might result in prejudicing the rights of the petitioner for reasons which it is not necessary to discuss here at length. In rendering my opinion in this matter I pass over these questions with the simple statement that I believe that the son nominates Ira S. Bower to act as his guardian for the purpose of indicating to his mother his independence of her in business affairs, and for the purpose of humiliating her, to a certain extent, by demonstrating to her that, through this court, he can procure the appointment of some one other than her to act as the guardian of his property. I also believe that the opposition offered by the mother to the appointment of Ira S. Bower, and the request that she be appointed the general guardian, are for the purpose of demonstrating to the son her maternal rights, and thereby proving to him that he must be absolutely obedient to her in all matters relating to his person or property until he shall arrive at the age of 21 years.

If this were an application for the appointment of a guardian of the person, a different view might be taken of the situation; but, inasmuch as the only guardianship here requested is that of the property, it seems to me the mother should not be appointed the guardian of the property, when there is already a controversy between the mother and the son over the settlement of the estate of the petitioner's father, the deceased husband of Mrs. Anna Mitchell. To put her in the position of guardian of the property which the son has acquired from another source would only tend to aggravate the feeling which now exists between the mother and the son. To gratify the wishes of the petitioner by the appointment of Ira S. Bower would only result in the same man-

ner, and while perhaps it is not the province of this court to take into consideration the effect that this appointment would have upon the personal attitude of the mother and son toward each other, nevertheless this decision is based largely upon that proposition.

Authorities have been presented to show that in certain cases parties other than the parents may be appointed guardians. There seems no doubt of this legal proposition. The only legal proposition about which there seems to be any question in this case is the one which is raised by the petitioner, with reference to which the attorney for Mrs. Mitchell says: "This question is not free from doubt." The proposition is this: If the surrogate is of the opinion that Ira S. Bower should not be appointed, has he the jurisdiction to appoint the mother or any third person? The language of the Code requires that a petitioner over 14 years of age must nominate a guardian; but I do not believe that the court to which the petition is made is bound to appoint the person so nominated. I believe that the petitioner, when he prayed "for a decree appointing a general guardian of his property within the state of New York," submitted that property, by his own act, to the jurisdiction of the court, and that the court has the right to appoint the person nominated, or any other person who may to the court seem a proper party to act.

This question does not seem to have been squarely decided in any case which has been submitted to me upon the briefs of the opposing parties. I have read the provisions of the Code of Civil Procedure with reference to the appointment of a general guardian, especially the provisions of section 2826, which says:

"A guardian, appointed upon the application of an infant of the age of fourteen years or upwards, as prescribed in this article, must be nominated by the infant, subject to the approval of the surrogate.

I have also read rule 53 of the rules of practice and the various cases cited upon the brief of counsel, to wit: Ledwith v. Ledwith, 1 Dem. 154; Matter of Barre, 5 Redf. Sur. 64; Johnson v. Borden, 4 Dem. 36; Matter of Tully, 54 Misc. Rep. 184, 105 N. Y. Supp. 858; Matter of Vandewater, 115 N. Y. 669, 22 N. E. 174; Matter of Buckler, 96 App. Div. 397, 89 N. Y. Supp. 206—and also the references to the three works of Jessup, Redfield, and Heaton, respectively, where these matters are discussed. After a careful reading of the cases and text-book references above cited, I am satisfied that the Legislature did not intend that an infant over the age of 14 years should have the power to absolutely prevent the court from appointing a guardian to care for his property by nominating as a guardian some person who such infant knew would not be acceptable to the court. A series of nominations of objectionable parties could be made by the infant; and, if the court had no power over the subject-matter other than to appoint the person nominated or to dismiss the proceeding, the property of the infant might eventually be wasted, simply because such infant might not be willing to submit to the appointment of some person other than the one whom he personally desired. In the case of Ledwith v. Ledwith, 1 Dem. 156, it is said:

"I certainly shall not hold that an infant of fourteen years has this plenary authority to emancipate himself at pleasure from parental control,

unless the language of the law forbids me to give it other interpretation, and such is by no means the case."

It might be said with equal force that the court should not hold "that an infant of 14 years has this plenary power to emancipate his property at pleasure from the control of the court." Such emancipation certainly might be the result, in case an infant should desire to embarrass the court by a series of objectionable nominations.

The real issue in this proceeding is who, if any one, should be appointed general guardian of the property of the petitioner. But behind this issue there exists another, which is the strife between the mother and the son to see who can be victorious in dictating this appointment. I do not believe it is for the best interests of either mother or son that this court should lend its encouragement to the extent of being a factor in permitting either the mother or the son "to win a victory over the other."

An order may be prepared appointing the Chemung Canal Trust Company as guardian of the property of Spofford F. Wyckoff within the state of New York.

Decreed accordingly.