Misc.]     Surrogate's Court, Bronx County, June, 1917.

Matter of DOROTHY E. MUNN, WALTER MUNN, JR., and
HELEN M. MUNN.

(Surrogate's Court, Bronx County, June, 1917.)*

Guardians — application  for  appointment  of — infants — evidence —
paramount right of appointment.

Upon a contested application for the appointment of a
guardian of the persons of three infants, respectively, it ap-
peared that the mother of the infants was dead and at the
time of her death was not living with her husband, who sur-
vived. She and two of her children resided with her sister and
the latter's husband and the other child was in the care of and
resided with the petitioner, her grandmother. The evidence
considered and

*Held*, (1) That the father has the paramount right to be the
guardian of his own children; that this natural right should
not be denied him unless it clearly and unequivocally appears
that the best interests of the infant demand the appointment of
some one else; that in the last analysis the court must be gov-
erned by a consideration of what is for the best interests of
the children; that it does not appear that the best interests of
two of the infants demand that the father should be deprived
of his right to the guardianship of their persons, and that the
court has authority to appoint some one other than the party
for whose appointment the petition prays;

(2) That the appointment of guardians may be coupled with
conditions; that the appointment of the respondent as guard-
ian of the persons of the two younger infants is upon the con-
dition that the uncle, aunt and grandmother have access to
them at all reasonable times and that the respondent see to it
that the children named visit them at least once in each month;

(3) That the best interests of the third infant demand that
the grandmother be appointed the guardian of her person upon
condition that the grandmother permit the father to see her
and converse with her at all reasonable times and that she have
the child visit her father at least once in each fortnight.

* Received too late for insertion in proper place.—[REPR.

Surrogate's Court, Bronx County, June, 1917.   [Vol. 101.

APPLICATIONS for the appointment of guardians of the persons of three infants.

Lockhart & Callahan, for petitioner.

Charles V. Halley, Jr., for respondent.

SCHULZ, S.   The maternal grandmother of the three infants, Dorothy E. Munn, Walter Munn, Jr., and Helen M. Munn, aged, respectively, five, ten and eleven years, applied for letters of guardianship of their persons, and upon such applications cited the father of the infants. The latter appeared by counsel and in open court opposed the applications and asserted his right to such appointments. The circumstances necessarily to be considered in arriving at a conclusion in each application are practically the same, and hence are discussed and the proceedings disposed of together.

The mother of the infants is dead. At the time of her death she was not living with her husband. She and two of her children were residing with her sister and the latter's husband, and the other child, Helen M. Munn, was in the care of and resided with her grandmother, the petitioner in these proceedings. Pending the hearing and consideration of these matters, Walter Munn, Jr., left his uncle's house and went with his father, and after remaining there for some time has now gone back to his former abode.

The evidence discloses that the conditions surrounding the married life of the respondent and his wife were not happy. Frequent separations occurred and it was necessary for the wife to invoke the aid of the courts to compel her husband to support her. Who was to blame for these unfortunate conditions I will not attempt to say, but it has been clearly established that the father of these infants did not, by his acts

prior to his wife's death, manifest the love and affection for his children which he now claims to have. The fact remains, however, that they are his children; that he is their nearest living relative, and that, while open to criticism for his past failure to adequately provide for them, he now asserts his right to their custody, declares his willingness and ability to support and maintain them and provide them with a home.

That he has a paramount right to be the guardian of his own children I believe cannot be questioned (Woerner, American Law of Guardianship, § 7), and that a court should be loath to deprive him thereof it seems to me is equally manifest. This natural right should not be denied him unless it clearly and unequivocally appears that the best interests of the infants demand the appointment of some one else. The court must, in the last analysis, be governed by a consideration of what is for the best interests of the children. *People ex rel. Pruyne* v. *Walts,* 122 N. Y. 238; *Ullman* v. *Ullman,* 151 App. Div. 419; *Matter of Annan,* 74 Hun, 19; *Foster* v. *Mott,* 3 Bradf. 409; *Matter of Lee,* 220 N. Y. 532.

The uncle and aunt with whom the two children have resided since the death of their mother are entitled to great credit for the care which they have taken of them; but they have four children of their own, they reside in an apartment of five rooms and, while no doubt they have done everything within their power for the welfare and happiness of the children, they cannot do more than their circumstances will permit. The father lives in the home of his parents who occupy a house, and, while there are also some seven other children constituting the household, I nevertheless believe that the physical comfort of the infants would be greater if they lived with the respondent at the home of his father. I am also of the opinion that it

would be better for the two younger children, particularly the boy, if they lived with their father and were subject to the discipline of parental control, and I therefore reach the conclusion that it does not appear that the best interests of the two children, Dorothy E. Munn and Walter Munn, Jr., demand that the father should be deprived of his right to the guardianship of their persons. It follows that the applications of the grandmother for appointment as guardian of the persons of the infants named must be denied.

As I have the authority to appoint some one other than the person for whose appointment the petition prays (Code Civ. Pro. § 2649; *Ledwith* v. *Ledwith*, 1 Dem. 154; *Matter of Wyckoff*, 67 Misc. Rep. 1; *Estate of Vandewater*, 27 Wkly. Dig. 314; appeal dismissed, 115 N. Y. 669), I will appoint the respondent, the father, such guardian.

The kindness of the uncle, the aunt and the grandmother of these children and the interest which they have manifested in their welfare, and which I hope will continue for their benefit, would seem to dictate that the father when appointed guardian should permit these children to visit the relatives named and remain in touch with them. It seems that appointment of guardians may be coupled with conditions (*Matter of Wagner*, 75 Misc. Rep. 419; *Matter of Cross*, 92 id. 89; affd. without opinion, 174 App. Div. 872), and so the appointment of the respondent as guardian of the persons of these two infants is upon the condition that these relatives have access to the infants at all reasonable times and that the respondent see to it that the children named visit them at least once in each month.

I have refrained from discussing up to this time the application relative to the infant Helen M. Munn. The conditions with reference to this infant are some-

what different from those of the other two. She has been with her grandmother since her birth. For a considerable time she was practically an invalid and her physical condition at this time is not of the best. She suffers from rheumatism to a great extent, and a very close bond of affection exists between her and her grandmother. In my opinion it would be cruel and inhuman to take this child away from her grandmother at this time. I believe that her best interests demand that she remain where she is. Upon the arguments before me the respondent practically expressed his willingness that she remain with the grandmother. Under such circumstances, it was intimated that the grandmother should support and maintain her. I will not impose that condition nor relieve the respondent from his legal responsibility therefor.

The application for the appointment of the grandmother as guardian of the person of Helen M. Munn is granted. The only condition attached to that appointment will be that the grandmother permit the father of this child to see her and converse with her at all reasonable times and that she have the child visit her father at least once in each fortnight.

Decreed accordingly.