R. C. WILLIAMS & CO., INC., a Judgment Creditor, Suing in Its Behalf and for the Benefit of Other Creditors Similarly Situated, Appellant, *v.* HENRY EUHLER, etc., Defendant, Impleaded with FREDA EUHLER, Respondent.

Second Department, January 27, 1928.

Fraudulent conveyances — complaint — action by judgment creditor to set aside alleged fraudulent conveyance to wife of judgment debtor — complaint fails to allege that plaintiff was creditor at time transfer was made — Real Property Law, § 94, applied — complaint fails to allege facts bringing transaction within Debtor and Creditor Law, §§ 274, 275 — complaint is insufficient.

The complaint in this action by a judgment creditor, to set aside an alleged fraudulent conveyance by its judgment debtor, is insufficient, since it does not allege that the plaintiff was a creditor of the judgment debtor at the time the debtor conveyed the property to his wife, without consideration, and, therefore, the case is not brought within section 94 of the Real Property Law, which provides that a conveyance of real property to one person, where the consideration is paid

.36

by another, is presumed fraudulent against the creditor, at this time, of the person paying the consideration.

Furthermore, the complaint does not allege facts sufficient to bring the transaction within the provisions of sections 274 and 275 of the Debtor and Creditor Law, for it fails to allege that at the time of the conveyance the debtor retained unreasonably small capital with which to meet his obligations, and especially the transaction with the plaintiff, or that in making the transfer he intended to and was about to incur debts beyond his ability to pay as the debts matured.

Appeal by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Kings on the 6th day of June, 1927.

*Harris Jay Griston* [*Charles Braunhut* with him on the brief], for the appellant.

*Charles B. Law,* for the respondent.

Kapper, J. The appeal is from an order granting the motion of the defendant Freda Euhler for judgment on the pleadings and dismissing the complaint. A judgment was entered upon this order, but as the appeal is from the order only, a point of the respondent is, that the appeal should have been from the judgment and not from the order. I do not think the point is of sufficient importance upon which to determine this appeal, for if the order was improperly made its reversal will necessarily cause the judgment to fall.

The action is by a judgment creditor seeking to set aside alleged fraudulent transfers. The judgment debtor is the defendant Henry Euhler, husband of the respondent Freda Euhler. The plaintiff recovered a judgment of $178.66 against Euhler and took all the necessary steps thereafter to collect, upon failure of which this action was instituted. The infirmities which the complaint presents are set forth in paragraphs 6 to 9, inclusive. The opinion of the learned Special Term sets forth the view that the plaintiff's allegations do not show when the alleged fraudulent transfer or transfers were made. I think the criticism sound. The complaint presents additional deficiencies.

It is alleged that the judgment debtor fraudulently transferred to the defendant wife, " with the intent to cheat and defraud the plaintiff and other creditors  *  *  *  divers sums of money and other property," and that such transfers " were made without lawful consideration." Then the pleader takes up separately, in the 8th and 9th paragraphs of the complaint, a charge relating to a piece of real property described in the 8th paragraph, of which the defendant husband " was and still is the true owner of the whole or part." Such is the allegation. Then by the 9th paragraph we find the following:

"*Ninth.* That the purchase of the said premises by the said Henry Euhler, also known as Henry Euler, Jr., and maintenance and operation and control thereof were and are secreted in the name of the defendant Freda Euhler with the intent by the said Henry Euhler, also known as Henry Euler, Jr., and said defendant Freda Euhler, to cheat and defraud the plaintiff and other creditors of the said Henry Euhler, also known as Henry Euler, Jr., with the further purpose of preventing the collection of any claim or judgment that might be asserted and found against the said defendant Henry Euhler, also known as Henry Euler, Jr."

Section 94 of the Real Property Law provides that "A grant of real property for a valuable consideration, to one person, the consideration being paid by another, is presumed fraudulent as against the creditors, *at that time,* of the person paying the consideration."

Hence, if the purpose of the pleader was to allege a transfer of property in fraud of creditors, it was essential under the statute to allege that the plaintiff was a creditor "at that time," namely, at the time of the alleged fraudulent transfer. If the object of the pleader was to allege that the judgment debtor's purpose in purchasing the property and placing it in the name of his wife was to cheat his future creditors, I do not think a cause of action is stated because of the failure to allege facts to bring the transaction within the provisions of sections 274 and 275 of the Debtor and Creditor Law (as added by Laws of 1925, chap. 254). They provide:

" § 274. Conveyances by persons in business. Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

" § 275. Conveyances by a person about to incur debts. Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

The pleader should at least have alleged that the judgment debtor retained, at the time of the conveyance, an unreasonably small capital with which to meet his transaction with the plaintiff, or that in making the transfer he intended and was about to incur debts beyond his ability to pay as they matured. In these respects the complaint is entirely deficient.

I think the order granting motion for judgment on the pleadings should be affirmed, with ten dollars costs and disbursements, but that the plaintiff should have leave to plead over within ten days upon payment of costs, including costs on this appeal.

LAZANSKY, P. J., YOUNG, HAGARTY and SEEGER, JJ., concur.

Order granting motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements, with leave to plaintiff to plead over within ten days upon payment of costs, including costs on this appeal.