GEORGE PRESTON, Respondent, *v.* FRANCIS CONROY, Defendant, Impleaded with DELIA CONROY, Appellant.

First Department, January 30, 1931.

*Joseph A. Gavagan,* for the appellant.

*Patrick Monahan* of counsel [*Monahan & McAuliffe,* attorneys], for the respondent.

FINCH, J. By this appeal is presented the right of the plaintiff to a creditor's lien against certain real property owned by the appellant, title to which was obtained in the following manner:

In March, 1920, 64 East One Hundred and Twenty-fourth street was purchased in the name of the appellant with moneys furnished by her husband. On June 8, 1920, 56 East One Hundred and Twenty-fourth street likewise was purchased. On August 6, 1920, 54 East One Hundred and Twenty-fourth street was purchased with moneys received from the sale of the parcel first purchased, namely, 64 East One Hundred and Twenty-fourth street. Some

seven years later, namely, on August 18, 1927, the plaintiff commenced an action against the husband of the appellant in the City Court, in which the plaintiff alleged, for a first cause of action, that in August, 1920, he loaned to the defendant $200, of which $100 had been repaid, leaving a balance due of $100. For a second cause of action, he alleged a loan to the husband of the appellant of $100 in September, 1923. For a third cause of action, loans aggregating $355 are alleged during the period from January 1, 1924, to May 30, 1924. For a fourth cause of action, a claim is made for compensation for services rendered from August 1, 1923, to March 31, 1924, aggregating $1,040. Upon this complaint the plaintiff, in September, 1927, entered by default a judgment against the appellant's husband for $1,821.10. Upon this judgment execution was issued and returned unsatisfied. The judgment debtor was examined in supplementary proceedings and testified that the above-mentioned property was purchased by him with his money and title taken in the name of his wife. The plaintiff then commenced this action to establish a creditor's lien against the property, pursuant to section 94 of the Real Property Law.

From the foregoing it appears that the only parcel of property which could by any possibility have been affected by the claims sued upon in the City Court action was the parcel acquired on August 6, 1920, and this only to the extent of $100. All the other claims comprised in the City Court action arose long subsequent to the acquisition of both the parcels of real property. Even as to the small item of $100, the plaintiff failed to allege or prove that that amount was owing prior to the purchase of August sixth. It is true that the complaint in the City Court action alleges a loan of $200 at some indefinite time in August, 1920, of which $100 was repaid, but that this $200 was loaned prior to August sixth is not alleged or proven.

The principles of law governing the transactions in the case at bar are clear and well settled. Under section 94 of the Real Property Law, a trust in real property conveyed to one person upon a consideration paid by another, results in favor of only such persons as were creditors of the person paying the consideration at the time of the transfer, and not in favor of such persons as subsequently became creditors. (*Williams & Co., Inc.,* v. *Euhler,* 222 App. Div. 561; *Irving National Bank* v. *Gray,* 174 id. 29; *Callegari* v. *Sartori,* Id. 102; 219 N. Y. 655.)

Applying the above principle of law, do the facts appearing upon this record sufficiently preponderate in showing that the plaintiff was a creditor of Francis Conroy at the time of the purchase of these properties? An examination of this record shows that the

finding to that effect is against the weight of the evidence for the following reasons:

The plaintiff in the case at bar rests his complaint upon the judgment recovered in the City Court action for approximately $1,800. As already shown, it was neither alleged nor proved that the moneys comprised within this judgment were owing to the plaintiff prior to the conveyances to the appellant of either of the aforesaid parcels of property. The plaintiff in this action, however, against the objection of the attorney for the appellant, testified that at the time of the purchase of the first piece of property on June 8, 1920, he loaned to Francis Conroy the sum of $2,000, $1,000 of which was repaid, and as a result of this action, although the plaintiff was suing on the judgment obtained in the City Court, he has been allowed to assert a lien for this $1,000. The first answer to this contention is that the plaintiff did not allege any such cause of action. In other words, he is alleging one cause of action and recovering upon another which is altogether different. Assuming, however, that he had based the suit in the case at bar not on the City Court judgment but upon this loan of $1,000, his attempt to prove such loan by his oral testimony only is offset first by the fact that he did not include this amount, although then due, in the City Court action which purported to involve his claims for money loaned. Furthermore, the plaintiff occupied a position as a bartender for Francis Conroy, on a salary of forty dollars a week. Before that time he had been a janitor, earning seventy-five dollars a month, and claims to have done other jobs of patching on the houses for which he was janitor. In addition, although he obtained a receipted bill for every item that he paid during the year 1920, he obtained no evidence whatsoever of this alleged loan of $2,000 in cash to Francis Conroy, now deceased. Also, plaintiff gave fantastic explanations to account for the possession of this $2,000, for him a very large sum of cash money. The omission of this claim from the complaint in the City Court action, plus the lowly occupation of the plaintiff, n addition to the ack of any written evidence of this cash loan and the other circumstances in the case, all show that even if the plaintiff had sued upon a proper complaint, the verdict sustaining this loan is against the weight of the evidence.

The principle of law is likewise clear and well settled that to assert a creditor's lien against real property in the name of a third party, the claimant not only must be a creditor at the time of the conveyance but there must be found an intent to defraud. A presumption of fraudulent intent arises, however, in favor of the creditors at the time of the conveyance of one who pays the con-

sideration for a grant of land to another. (Real Prop. Law, § 94.) But this presumption is not conclusive; it merely casts upon the grantee the burden of disproving this presumptively fraudulent intent. (*Dunlap* v. *Hawkins*, 59 N. Y. 342.) Proof that one paying the consideration was at the time not insolvent but had, aside from the consideration paid for the property granted, ample funds to pay his debts and that an inability to meet his obligations was not and could not reasonably be supposed to have been in his mind, is sufficient to rebut this presumption. (*Carr* v. *Breese*, 81 N. Y. 584; *American Surety Co.* v. *Conner*, 251 id. 1.)

Not only does this record fail to show insolvency on the part of Francis Conroy at the time of the conveyance but, on the other hand, it shows conclusively that Francis Conroy at this time had loaned more than $1,000 to a friend with which to buy a house, and the record also preponderates in showing that other comparatively large sums were loaned by Francis Conroy to various persons, which sums were secured by mortgage and security.

We, therefore, are forced to the conclusion that the plaintiff failed to establish that he was a creditor at the time the property in question was acquired by the appellant and that the record of the trial established that the transfer was not made at the time that the alleged debtor was either insolvent or contemplating insolvency. In addition, the judgment upon which the plaintiff bases his cause of action was made up of items which the record affirmatively shows did not constitute the plaintiff a creditor at the time of either of these conveyances.

It follows that the plaintiff is not entitled to a creditor's lien against the real property and that the judgment appealed from should be reversed, with costs to the appellant, and the complaint dismissed, with costs.

Dowling, P. J., McAvoy, Martin and O'Malley, JJ., concur

Judgment reversed, with costs to the appellant, and complaint dismissed, with costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.