THE HERRING-CURTISS COMPANY and FREDERICK P. KIMBALL and Others, as Directors and Trustees of Said THE HERRING-CURTISS COMPANY, Plaintiffs, *v.* LENA P. CURTISS, Defendant.

Supreme Court, Steuben County, April 30, 1931.

*William J. Maloney* [*Harold H. Corbin, Edward J. Bennett* and *Mark F. Hughes* of counsel], for the plaintiffs.

*Robbins & Robbins,* for the defendant.

RODENBECK, J.   This cause of action is controlled by the provisions of article 10 of the Debtor and Creditor Law (as added by Laws of 1925, chap. 254) relating to fraudulent conveyances.   The specific section relied on by the plaintiffs is section 276 (as added by Laws of 1925, chap. 254) covering cases where there is an actual intent to defraud.   The plaintiffs not only allege intent to defraud on the part of the defendant's deceased husband, but, also, on her part.   The plaintiffs seek to set aside transfers made by him to her with such intent and knowledge on her part of the fraud sought to be perpetrated by him.

The plaintiffs sufficiently show that they have a claim against the defendant's deceased husband.   The statute does not require anything more as a basis for this suit.   It is designed to protect creditors, and it is enough for plaintiffs to show that they are such.   That does not mean that they must show that they are judgment creditors.   The term " creditor " is defined as a " person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent."   (Debtor & Creditor Law, § 270, as added by Laws of 1925, chap. 254.)   The plaintiffs show that they have a claim, which they are seeking to reduce to judgment.   They need not allege the elements of that claim in this action.   A reference to a prior action to establish their claim, which constitutes a record of this court, is sufficient.   There is nothing in the statute requiring one suit to be brought for both causes of action.   That may or may not be done.   Where the

action to establish the claim has been brought, and conveyances are then made in fraud of the plaintiff, a second action may be maintained to set the conveyances aside, as well as any prior conveyances made with a like intent. The creditor need not wait until his claim has been reduced to final judgment, but may proceed to protect himself against any action by the defendant seeking to make his judgment a nullity. A second action may proceed as far as the court deems proper. Relief, pending the determination of a cause of action, is common in provisional remedies. The court may choose to go no further, until judgment in the first action, than to restrain the defendant from disposing of the property alleged to be fraudulently conveyed, and appointing a receiver. It has the power to " make any order which the circumstances of the case may require." (Debtor & Creditor Law, § 279, as added by Laws of 1925, chap. 254.)

But the basis of plaintiffs' claim is the alleged fraudulent conveyances. These the plaintiffs have not set forth. They have omitted the very substance of the action, namely, the enumeration of the conveyances which they claim were fraudulent, and when they were made. The 6th paragraph of the complaint alleges that " at various times from and after the first day of January, 1916," defendant's deceased husband, with knowledge of plaintiffs' claim, and with intent to defeat the claim and to defraud the plaintiffs, " gave and transferred to the defendant large amounts of real and personal property, without consideration and without compensation therefor; and that the defendant accepted the same with like knowledge and intent." Here there is an allegation that the transfers were made without consideration by a husband to a wife, and the facts and circumstances may be sufficient upon which to base a conclusion of an intent to defraud, but the plaintiffs do not specify the property that they claim has been fraudulently conveyed, nor the time when the transfers were made. The plaintiffs should be required to do so. The practice requires that the plaintiff shall state a cause of action. (Civ. Prac. Act, § 255.) Such a cause of action is not stated when the subject of the action is not identified. The complaint asks to have set aside " large amounts of property," without indicating what property. The allegation that " large amounts " of real and personal property were given away or transferred is not unlike a statement of a conclusion of law without setting forth the facts upon which the conclusion is based, and is insufficient as a characterization of acts or facts without pleading them. (*Petty* v. *Emery*, 96 App. Div. 35; *U. S. Asphalt R. Co.* v. *Comptoir Nat. D'Escompte*, 166 id. 64, 67; 6 Stand. Ency. of Proc. 214–216; 20 Cyc. 731; *Brown* v.

*Farwell*, 74 Fed. 764; *Williams & Co., Inc.*, v. *Euhler*, 222 App. Div. 561.)

The motion is sustained, with leave to the plaintiffs to serve an amended complaint within twenty days after service of an order in accordance herewith, and upon payment of ten dollars costs of motion.

So ordered.